PEOPLE v EDWARDS

Docket No. 78-2997. Submitted April 8, 1981, at Detroit.—Decided
    June 18, 1981. Leave to appeal applied for.

Eddie Edwards was convicted of delivery of marijuana and posses-
    sion of a firearm during the commission of or attempt to
    commit a felony, Wayne Circuit Court, Richard D. Dunn, J. He
    appeals, alleging that the trial court erred in failing to make
    findings of fact on the issue of entrapment and in ruling that
    there was no entrapment and that there was insufficient evi-
    dence that an actual delivery of marijuana occurred. *Held:*

    1. The failure of the trial court to make findings of fact
    relative to the issue of entrapment does not require remand.
    The trial court indicated that it was aware of the issue and
    recognized the proper test to be applied in resolving the issue.
    Further explication of the path which the court followed in
    reaching its decision would not facilitate appellate review.

    2. The trial court properly rejected defendant's entrapment
    defense after applying the objective test to determine whether
    entrapment had occurred.

    3. The record reveals that there was sufficient evidence to
    support defendant's conviction of delivery of marijuana.

    Affirmed.

1. APPEAL — CRIMINAL LAW — FINDINGS OF FACT.

    Failure by a trial court in a criminal case, sitting without a jury,
        to articulate the reasons for its decision in finding facts does
        not require remand where it is manifest that the court was
        aware of the factual issue and resolved it and that further
        explication of the path followed by the court in reaching its
        result would not facilitate appellate review (GCR 1963, 517.1).

2. CRIMINAL LAW — ENTRAPMENT.

    The determination whether a criminal defendant was entrapped
        involves a focus on the conduct of police rather than any
        predisposition on the part of a defendant to commit the crime

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 974.
[2] 21 Am Jur 2d (Rev), Criminal Law § 202.

charged to ascertain whether police conduct was of the kind which would induce or instigate the commission of the crime by one not ready and willing to commit it.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward Reilly Wilson*, Principal Attorney, Appeals, and *Janice M. Joyce*, Assistant Prosecuting Attorney, for the people.

*Pitts, Mann & Prewitt*, for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant appeals as of right from his convictions by a jury of delivery of marijuana, MCL 335.341(1)(c); MSA 18.1070(41)(1)(c) [now MCL 333.7401; MSA 14.15(7401)], and possession of a firearm in the commission of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2).

Two of the three issues raised in this appeal stem from the trial court's refusal to accept defendant's claim of entrapment. Defendant first argues that the case should be remanded to the trial court for further findings of fact on the entrapment question because the court failed to make any findings of fact, GCR 1963, 517.1. In making its ruling, the court stated that undercover police work is often necessary in narcotics investigations and concluded that the police conduct in the present case did not justify the defense of entrapment. Defense counsel had argued that enrapment was evidenced by testimony that a police officer had telephoned defendant on numerous occasions offering to purchase marijuana despite defendant's original refusal to deal, that the officer offered to pay a very high price, and that defendant was sick and the officer suggested weekly dealings to help

him out. The court made no mention of this testimony in rejecting the entrapment defense.

In *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973), the Court held that GCR 1963, 517.1 is applicable to criminal proceedings and that where the trial court fails to comply with the rule the appropriate remedy is to remand for further fact-finding. However, the following limitation was stated:

"A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result as, for example, where the only factual issue is identification." *Id.,* 627, fn 3.

Here, the judge indicated that his decision was made "after listening to all the testimony and passing upon the credibility of all of the witnesses", and he stated that the test for entrapment concerns police conduct and whether the actions of the police were so reprehensible that the court should refuse to permit a conviction to stand. Under these circumstances, we find remand unnecessary under the *Jackson* limitation.

Defendant contends that the trial court's ruling that there was no entrapment was clearly erroneous. The objective test for entrapment is applied in Michigan; it focuses on the conduct of the police, and the key question is whether the police conduct is of the kind which would induce or instigate the commission of a crime by one not ready and willing to commit it. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

The police found defendant's name and telephone number in the phone book of a man they

had arrested for a narcotics violation. Undercover police officer Edward Barksdale testified that he telephoned defendant and asked to buy heroin. Defendant responded that he could not get heroin but could obtain marijuana. An agreement was then made for the sale of five "bricks" of marijuana by defendant to the officer for $675.

Defendant testified that he was persuaded to sell marijuana to the officer only after he was contacted by telephone from five to seven times and the officer talked with defendant's wife. Defendant claimed that the officer promised considerable financial rewards.

Even if defendant's version of the facts were true, we cannot say that there was entrapment under the *Turner* standard. The trial court properly rejected the entrapment defense.

Defendant's final contention is that there was insufficient evidence that an actual delivery of the marijuana occurred. This argument must fail in light of Officer Barksdale's testimony that defendant handed him the bag of marijuana.

Affirmed.