## PEOPLE v DARDEN

Docket No. 67069. Submitted November 4, 1983, at Grand Rapids.—
Decided February 8, 1984.

Larry I. Darden was convicted, but found to be mentally ill, of
felony murder, unarmed robbery and first-degree criminal sex-
ual conduct, Recorder's Court of Detroit, Samuel H. Olsen, J.
Defendant appealed, alleging that a verdict of guilty but men-
tally ill is unconstitutional and that the trial court's findings of
fact with regard to defendant's insanity defense are insufficient.
*Held:*

1. A verdict of guilty but mentally ill is not unconstitutional
by reason of overlapping statutory definitions of mental illness
and legal insanity.

2. The statute requiring treatment for defendants found to be
guilty but mentally ill is not rendered a nullity merely because
a defendant found guilty, but not mentally ill, may also receive
mental health treatment through compliance with certain stat-
utory procedures.

3. Both defendants who are found guilty but mentally ill who
are incarcerated and those who are placed on probation are
allowed to terminate mental health treatment once they are
found to be no longer in need of such treatment.

4. The requirement that a psychiatric report be filed with the
sentencing court every three months in the case of a defendant
found guilty but mentally ill and placed on probation, while no
such reporting is required in the case of defendants who are
incarcerated, is rationally related to the legislative objective of
assuring treatment of mentally ill defendants since a proba-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 129.

[2] 21 Am Jur 2d, Criminal Law §§ 83, 85.

[3] 21 Am Jur 2d, Criminal Law § 88.

[4] 21 Am Jur 2d, Criminal Law § 90.

Validity and conditions imposed when releasing person committed
to institution as a consequence of acquittal of crime on ground of
insanity. 2 ALR4th 934.

[5] 5 Am Jur 2d, Appeal and Error § 839.

tioner remains free and under the jurisdiction of the sentencing court but a prisoner is under the jurisdiction of the department of corrections. The disparate disposition of prisoners and probationers is not violative of defendant's equal protection rights.

5. The trial court's findings regarding the defense of insanity reveal that the court considered the testimony of the psychiatric witnesses for both the defense and the prosecution. Further, the findings are not inadequate for appellate review. Remand for further fact-finding is not necessary.

Affirmed.

1. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — MENTAL ILLNESS — INSANITY.

The statutory definitions of mental illness and legal insanity are not so vague and overlapping as to give a trier of fact unlimited discretion, thereby rendering a finding of guilty but mentally ill unconstitutional; the definitions are distinct in that legal insanity requires not only a finding of mental illness or mental retardation but also that the person lacked substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law (MCL 330.1400a, 768.21a[1]; MSA 14.800[400a], 28.1044[1][1]).

2. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — MENTAL HEALTH TREATMENT.

The reason for a verdict of guilty but mentally ill, that is, to assure that a defendant so found will be provided mental health treatment, is not rendered a nullity merely because a defendant found guilty, but not mentally ill, may also receive mental health treatment pursuant to statutory procedures (MCL 330.2001 *et seq.,* 768.36[3]; MSA 14.800[1001] *et seq.,* 28.1059[3]).

3. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — TERMINATION OF MENTAL HEALTH TREATMENT.

The statutory provisions for the treatment of defendants who are found guilty but mentally ill implicitly allow for the termination of mental health treatment once a defendant is found no longer to be in need of treatment, whether the defendant is a prisoner or a probationer; thus, there is no constitutionally impermissible difference in the disposition of prisoners and probationers with respect to the termination of required mental health treatment (MCL 768.36, subds [3], [4]; MSA 28.1059, subds [3], [4]).

4. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — PROBATIONERS — PRISONERS.

 The requirement of filing every three months with the sentencing court a psychiatric report for a defendant who has been found guilty but mentally ill and placed on probation, while such periodic reporting is not required for such defendants who are imprisoned, is rationally related to the legislative objective of assuring that defendants found guilty but mentally ill receive necessary treatment because a probationer remains under the jurisdiction of the sentencing court while a prisoner is under the jurisdiction of the department of corrections (MCL 768.36, subds [3], [4]; MSA 28.1059, subds [3], [4]).

5. TRIAL — NONJURY TRIAL — FINDINGS OF FACT — APPEAL.

 A trial court's findings of fact serve to reveal the law applied by the court and to facilitate appellate review; a remand for further fact-finding is unnecessary where it is clear from the record that the trial court was aware of an issue and resolved it and that it would not facilitate appellate review to require explication of how the trial court reached its result.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Frank Singer* and *Douglas Hamel,* for defendant on appeal.

Before: MACKENZIE, P.J., and J. H. GILLIS and T. C. MEGARGLE,* JJ.

PER CURIAM. After a bench trial, defendant was found guilty but mentally ill of felony murder, MCL 750.316; MSA 28.548, unarmed robbery, MCL 750.530; MSA 28.798, and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant appeals as of right.

Defendant first claims that a verdict of guilty

---

* Circuit judge, sitting on the Court of Appeals by assignment.

but mentally ill under MCL 768.36; MSA 28.1059 is unconstitutional because the statutory definitions of mental illness, MCL 330.1400a; MSA 14.800(400a), and legal insanity, MCL 768.21a(1); MSA 28.1044(1)(1), are so vague and overlapping that the trier of fact is given unlimited discretion. This Court has previously rejected this argument. *People v Sorna,* 88 Mich App 351, 359-361; 276 NW2d 892 (1979); *People v Bruce Ramsey,* 89 Mich App 468, 472; 280 NW2d 565 (1979), *lv gtd* 414 Mich 864 (1982). The statutory definitions are distinct in that legal insanity requires a finding of not only mental illness (or mental retardation), but also that the person lacked "substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law". MCL 768.21a(1); MSA 28.1044(1)(1); see *People v Sorna, supra.*

Defendant also argues that the verdict of guilty but mentally ill is unconstitutional because the treatment and evaluation provisions of the statute, MCL 768.36(3); MSA 28.1059(3), are illusory since there exists a separate statute, MCL 330.2001 *et seq.;* MSA 14.800(1001) *et seq.,* which provides for treatment of prisoners with mental disorders. We note that this argument differs from that addressed in *People v McLeod,* 407 Mich 632; 288 NW2d 909 (1980), where the defendant claimed that the treatment provisions were illusory because they would not in fact be provided. In the present case, defendant argues that the verdict of guilty but mentally ill is unconstitutional because the statutorily mandated treatment of a defendant so convicted as provided in MCL 768.36(3); MSA 28.1059(3) is a mere redundancy since a defendant found simply guilty is also entitled to treatment for mental disorders under MCL 330.2001 *et seq.;*

MSA 14.800(1001) *et seq.* The Legislature's object in creating the classification of guilty but mentally ill vis-à-vis simply guilty was to assure that the former would be provided mental health treatment. *People v McLeod, supra,* p 663; *People v Booth,* 414 Mich 343, 353-354; 324 NW2d 741 (1982). This reason for the guilty but mentally ill classification is not rendered a nullity simply because a defendant found guilty and not mentally ill might also receive mental health treatment under MCL 330.2001 *et seq.;* MSA 14.800(1001) *et seq.* Also, the mental health treatment provision in the guilty but mentally ill statute, MCL 768.36(3); MSA 28.1059(3), differs from the mental health treatment available under MCL 330.2001 *et seq.;* MSA 14.800(1001) *et seq.,* in that a prisoner found guilty but mentally ill is automatically entitled to evaluation and treatment, see *People v McLeod, supra,* p 652, whereas a prisoner found simply guilty is provided mental health treatment only through compliance with the procedure set forth in MCL 330.2003b; MSA 14.800(1003b). Thus, we reject defendant's claim that the guilty but mentally ill verdict is unconstitutional.

Defendant next claims that the guilty but mentally ill statute violates his constitutional right to equal protection because the statute makes an irrational distinction between those defendants found guilty but mentally ill who are incarcerated and those are are placed on probation. More particularly, defendant argues that defendants placed on probation are entitled to periodic judicial review of their present mental state and to release from treatment as a condition of probation if treatment is found to be no longer necessary, but defendants who are incarcerated are not entitled to judicial review of their present mental state or

release from treatment. The relevant statutory provisions are as follows:

"(3) If a defendant is found guilty but mentally ill or enters a plea to that effect which is accepted by the court, the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense. If the defendant is committed to the custody of the department of corrections, he shall undergo further evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation. Treatment may be provided by the department of corrections or by the department of mental health after his transfer pursuant to sections 1000 or 1002 of Act No. 258 of the Public Acts of 1974, being sections 330.2000 or 330.2002 of the Michigan Compiled Laws. Sections 1004 and 1006 of Act No. 258 of the Public Acts of 1974 shall apply to the discharge of such a defendant from a facility of the department of mental health to which he has been admitted and shall apply to the return of such a defendant to the department of corrections for the balance of the defendant's sentence. When a treating facility designated by either the department of corrections or the department of mental health discharges such a defendant prior to the expiration of his sentence, that treating facility shall transmit to the parole board a report on the condition of the defendant which contains the clinical facts, the diagnosis, the course of treatment, and the prognosis for the remission of symptoms, the potential for recidivism and for the danger to himself or the public, and recommendations for future treatment. In the event that the parole board pursuant to law or administrative rules should consider him for parole, the board shall consult with the treating facility at which the defendant is being treated or from which he has been discharged and a comparable report on the condition of the defendant shall be filed with the board. If he is placed on parole by the parole board, his treatment shall, upon recommendation of the treating facility, be made a condition of parole, and failure to continue treatment except by agreement with the designated facility and

parole board shall be a basis for the institution of parole violation hearings.

"(4) If a defendant who is found guilty but mentally ill is placed on probation under the jurisdiction of the sentencing court pursuant to law, the trial judge, upon recommendation of the center for forensic psychiatry, shall make treatment a condition of probation. Reports as specified by the trial judge shall be filed with the probation officer and the sentencing court. Failure to continue treatment, except by agreement with the treating agency and the sentencing court, shall be a basis for the institution of probation violation hearings. The period of probation shall not be for less than 5 years and shall not be shortened without receipt and consideration of a forensic psychiatric report by the sentencing court. Treatment shall be provided by an agency of the department of mental health, or with the approval of the sentencing court and at individual expense, by private agencies, private physicians, or other mental health personnel. A psychiatric report shall be filed with the probation officer and the sentencing court every 3 months during the period of probation. If a motion on a petition to discontinue probation is made by the defendant, the probation officer shall request a report as specified from the center for forensic psychiatry or any other facility certified by department of mental health for the performance of forensic psychiatric evaluation." MCL 768.36, subds (3), (4); MSA 28.1059, subds (3), (4).

Neither (3) nor (4) above contains any express provision as to the termination of treatment. However, given a common-sense interpretation, we conclude that both (3) and (4) implicitly allow for the termination of mental health treatment once the defendant is found no longer to be in need of treatment. Thus, defendant's first asserted difference between prisoners and probationers is without merit.

With respect to defendant's other asserted disparity between guilty but mentally ill prisoners

and probationers, it is true that only probationers are entitled to have a psychiatric report filed with the sentencing court every three months. However, any difference in treatment between guilty but mentally ill probationers and prisoners is not violative of equal protection if the distinction rationally furthers the legislative object. See *People v McLeod, supra,* p 663.

The requirement of filing with the sentencing court a psychiatric report every three months for probationers, and not also for prisoners, is rationally related to the legislative objective of assuring that guilty but mentally ill defendants receive the necessary treatment since a probationer remains under the jurisdiction of the sentencing court, thus necessitating that the court be periodically apprised of the probationer's current mental condition, while, once a defendant is sentenced to a prison term, the sentencing court loses jurisdiction to the department of corrections. *People v Clemons,* 116 Mich App 601, 605; 323 NW2d 300 (1981); *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945); MCL 791.204; MSA 28.2274.

Also, the requirement of a periodic report for probationers only is rationally related to the legislative object of assuring mental health treatment in order to protect the public, see *People v Booth, supra,* p 354, since probationers pose a greater threat to the public than defendants who are incarcerated, and thus there is a greater need for periodic psychiatric reports for probationers. We find no equal protection violation.

Defendant's final claim is that the trial court's fact-findings with respect to defendant's insanity defense are inadequate and therefore a remand for supplemental fact-findings is required. GCR 1963, 517.1, which applies to criminal bench trials, *Peo-*

*ple v Jackson,* 390 Mich 621, 627-628; 212 NW2d 918 (1973), provides in part as follows:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts."

Fact-findings by the trial court serve the function of revealing the law applied by the court and facilitating appellate review. *People v Jackson, supra; People v Kelly,* 122 Mich App 427, 432; 333 NW2d 68 (1983). A remand for further fact-findings is unnecessary where it is clear that the trial court was aware of the issue and resolved it, and that it would not facilitate appellate review to require explication of how the trial court reached that result. *People v Jackson, supra,* p 627, fn 3; *People v Edwards,* 107 Mich App 767, 769; 309 NW2d 607 (1981), *lv den* 413 Mich 952 (1982).

In the present case, the court's findings on the issue of insanity were as follows:

"*One:* Based upon the testimony of Dr. Dreyer and Dr. Packer the defendant, at the time of the crimes was suffering from a substantial disorder of thought and mood which significantly impaired his judgment, behavior and capacity to recognize reality; and *Two:* The court finds that the people have established beyond a reasonable doubt that the defendant was legally sane at the times he committed such crimes and was not mentally retarded."

The court then found defendant guilty but mentally ill. Defendant does not claim, nor is there

any indication in the record, that the court applied the wrong legal standard for finding mental illness or insanity. Defendant does assert, however, that the court's fact-findings reflect possible confusion by the court as to the substance of the expert testimony, since it can be inferred from the court's findings that both Dr. Dreyer (the defense witness) and Dr. Packer (the prosecution witness) were in agreement as to defendant's mental state, but there was in fact no such agreement; indeed Dr. Packer opined that defendant was not even mentally ill at the time of the offense. However, it can just as easily be inferred that the court's introductory statement, "Based upon the testimony of Dr. Dreyer and Dr. Packer, simply reflects the court's consideration of the testimony of both in reaching the result it did. Also, the court's fact-findings are not inadequate for appellate review—the court addressed the issues of insanity and mental illness and resolved these issues based on the testimony of the two experts, and it is obvious that the court reached the result it did by crediting the testimony of the prosecution's witness, Dr. Packer, as to the insanity issue, but crediting the testimony of the defense witness, Dr. Dreyer, as to the mental illness issue. Consequently, we conclude that a remand for further fact-findings is unnecessary. Compare *People v Kelly, supra; People v Edwards, supra.*

Although defendant relies on *People v Bruce Ramsey,* there a remand for further fact-findings was found necessary not only because it could be inferred that the court erroneously believed the psychiatrist-experts were in agreement, but also because the trial court failed entirely to address other issues. *People v Bruce Ramsey, supra,* p 477, *lv gtd* 414 Mich 864 (1980). To the extent *People v*

*Bruce Ramsey, supra,* might be interpreted to mean that a trial court must in detail review the testimony of each psychiatrist-expert, and specify whose testimony and which portions thereof the court found most credible, where it is obvious from the result reached which testimony the court chose to credit, we would disagree with that opinion unless and until the Supreme Court indicates that such an interpretation is required.

Affirmed.