PEOPLE v DEYAMPERT

Docket No. 74464. Submitted January 16, 1985, at Detroit.—Decided February 5, 1985.

George Deyampert was found to be guilty but mentally ill following a bench trial in Detroit Recorder's Court on a charge of assault with intent to commit sexual conduct involving penetration, Leonard Townsend, J. Defendant appealed, claiming that the statute providing for a guilty but mentally ill verdict is unconstitutional because the definitions of mental illness and legal insanity are overlapping and vague, the evaluation and treatment provisions are illusory, and the distinction made by the statute between guilty but mentally ill probationers and prisoners is arbitrary and irrational. *Held:*

Each of defendant's arguments have been addressed and rejected in an earlier case.

Affirmed.

CRIMINAL LAW — GUILTY BUT MENTALLY ILL — MENTAL ILLNESS — LEGAL INSANITY — CONSTITUTIONAL LAW.

The definitions of mental illness and legal insanity in the guilty but mentally ill statute are not overlapping and vague, the evaluation and treatment provisions of the statute are not illusory, and the distinction made by the statute between guilty but mentally ill probationers and prisoners is neither arbitrary nor irrational; the statute is not unconstitutional in any of these respects.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Charles E. Grant,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 129.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was found to be guilty of assault with intent to commit sexual conduct involving penetration, MCL 750.520g; MSA 28.788(7), but mentally ill after a bench trial. Defendant appeals to this Court as of right.

On appeal defendant attacks the constitutionality of the statute providing for a guilty but mentally ill verdict. Defendant claims the statute is unconstitutional because (1) the definitions of mental illness and legal insanity are overlapping and vague; (2) the evaluation and treatment provisions are illusory; and (3) the distinction made by the statute between guilty but mentally ill probationers and prisoners is arbitrary and irrational. Each of these arguments was addressed and rejected by this Court in *People v Darden,* 132 Mich App 154; 346 NW2d 915 (1984). Defendant's conviction is affirmed.

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.