PEOPLE v MALESKI

Docket No. 176661. Submitted September 17, 1996, at Lansing. Decided
December 20, 1996, at 9:05 A.M. Leave to appeal sought.

Edward A. Maleski was convicted by a jury in the Manistee Circuit
Court, James E. Townsend, J., of delivery of a controlled substance.
He pleaded guilty of being a fourth-offense habitual offender and
was sentenced to seven to twenty years' imprisonment. The
defendant appealed.

The Court of Appeals *held*:

1. Delivery of a controlled substance is a general intent crime.
Voluntary intoxication is not a defense to the offense. The trial
court properly instructed the jury that voluntary intoxication is not
a defense to a charge of delivery of a controlled substance.

2. The prosecution did not improperly inject into the trial the
issue whether the defendant previously had assaulted a police
officer while armed with a shotgun. The defendant's testimony on
direct examination opened the door to the questions asked by the
prosecutor regarding the defendant's conviction of resisting and
obstructing a police officer.

3. The defendant received effective assistance of trial counsel.

4. No error requiring reversal resulted from the parties' stipula-
tion that the police informant could be deleted from the prosecu-
tion's witness list or from the prosecution not being allowed to
introduce the preliminary examination testimony of the witness.

5. The defendant's claim that the cumulative effect of the errors
requires reversal must be rejected because no errors occurred dur-
ing the trial.

6. The defendant's sentence is proportional.

Affirmed.

1. Controlled Substances — Delivery — General Intent Crimes — Volun-
tary Intoxication.

Delivery of a controlled substance is a general intent crime; voluntary
intoxication therefore is not a defense to the offense.

2. Trial — Assistance of Counsel — Failure to Raise Defenses — Appeal.

The failure of defense counsel to raise the defense of entrapment by
way of a motion for a new trial or an evidentiary hearing precludes

appellate review of the defendant's claim that such failure denied the defendant the effective assistance of counsel unless the record contains sufficient detail to support the defendant's claim and, if so, review is limited to the record; defense counsel's performance will be found not to have fallen below an objective standard of reasonableness or to have prejudiced the defendant where a review of the evidence reveals that the defendant could not have proffered a successful entrapment defense.

3. CRIMINAL LAW — WITNESSES — DELETION FROM WITNESS LIST.

A witness to be called at trial may be deleted from the witness list by the prosecutor at any time upon leave of the court and for good cause shown or by stipulation of the parties (MCL 767.40a[4]; MSA 28.980[1][4]).

4. SENTENCES — HABITUAL OFFENDERS.

The sentencing guidelines do not apply to habitual offender sentences; appellate review of such sentences is limited to whether the sentence violates the principle of proportionality without reference to the guidelines.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis M. Swain*, Prosecuting Attorney, and *William E. Molner*, Assistant Attorney General, for the people.

State Appellate Defender (by *Ralph C. Simpson*) and Edward A. Maleski, in propria persona, for the defendant on appeal.

Before: MACKENZIE, P.J., and JANSEN and T. R. THOMAS,* JJ.

JANSEN, J. Following a jury trial, defendant was convicted of delivery of a controlled substance (codeine), MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b). He thereafter pleaded guilty of being a fourth-offense habitual offender, MCL 769.12; MSA 28.1084, and was sen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tenced to seven to twenty years' imprisonment. Defendant appeals as of right and we affirm.

This case arises out of an undercover buy of a controlled substance on May 11, 1993. Defendant sold ten generic tablets, which contained codeine, to an undercover police officer for $30. The police officer had been brought to defendant's home by an informant. Defendant testified that he abused prescription drugs that had been prescribed to him for back pain and that he abused alcohol as well. Defendant, however, denied selling any drugs to the undercover officer, but admitted buying drugs from the informant in the past.

On appeal, defendant raises a total of six issues. He claims that the trial court erred in refusing to instruct the jury regarding the defense of intoxication, that the prosecutor improperly injected into the trial the issue of defendant's alleged assault of a police officer while armed with a shotgun, and that his sentence violates the principle of proportionality. In his brief filed in propria persona, defendant argues that he was denied the effective assistance of counsel, that the prosecutor's failure to produce the police informant at trial was a denial of due process, and that the cumulative effect of the errors at trial denied him a fair trial. We do not find any issue to require reversal.

I

Defendant first argues that the trial court erred in refusing to instruct the jury regarding the defense of intoxication. A review of the lower court record indicates that although the issue of voluntary intoxication was discussed in connection with the giving of an instruction regarding insanity or diminished capacity,

defendant did not request an instruction regarding voluntary intoxication or object to the instructions that were given. Pursuant to MCL 768.29; MSA 28.1052, a verdict shall not be set aside where the court fails to instruct with regard to any point of law unless the defendant requests such an instruction. Further, a trial court is not required to present an instruction of the defendant's theory to the jury unless the defendant makes such a request. *People v Mills*, 450 Mich 61, 81; 537 NW2d 909 (1995). Because defendant did not request this instruction at trial and did not object to the trial court's instructions to the jury, we review this issue only to determine if manifest injustice resulted. *People v Van Dorsten*, 441 Mich 540, 544-545; 494 NW2d 737 (1993).

There is no manifest injustice in this case. The trial court properly instructed the jury that voluntary intoxication is not a defense to the crime of delivery of codeine. Voluntary intoxication is a defense only to a specific intent crime. *People v Langworthy*, 416 Mich 630, 638; 331 NW2d 171 (1982); *People v King*, 210 Mich App 425, 428; 534 NW2d 534 (1995). Defendant argues that delivery of a controlled substance is a specific intent crime. We disagree.

Delivery is defined in MCL 333.7105(1); MSA 14.15(7105)(1) as the actual, constructive, or attempted transfer from one person to another of a controlled substance. Neither that definition nor the provision proscribing the delivery of a controlled substance, MCL 333.7401; MSA 14.15(7401), contains any language regarding the actor's intent. The distinction between specific intent and general intent crimes is that specific intent crimes involve a particular criminal intent beyond the act done, while general intent

crimes involve merely the intent to do the physical act. *People v Beaudin*, 417 Mich 570, 573-574; 339 NW2d 461 (1983). The cases are well settled that the act of transferring a controlled substance is sufficient to sustain a finding of an actual delivery. See *People v Edwards*, 107 Mich App 767; 309 NW2d 607 (1981); *People v Steele*, 429 Mich 13, 25-26; 412 NW2d 206 (1987). Those cases do not require an intent involving a particular criminal intent beyond the act of delivering the controlled substance. Moreover, our Supreme Court has stated that knowledge is not required as an element in the statute. *Id.*, p 26, n 10; *People v Delgado*, 404 Mich 76, 86; 273 NW2d 395 (1978). Finally, we note that this Court has stated that there was no error in the trial court's refusal to give a specific intent instruction where the defendant was convicted of delivery of cocaine. *People v Tate*, 134 Mich App 682, 694; 352 NW2d 297 (1984).

Accordingly, we conclude that delivery of a controlled substance is a general intent crime and that voluntary intoxication is not a defense to this offense. The trial court properly instructed the jury that voluntary intoxication is not a defense to a charge of delivery of a controlled substance.

II

Defendant next argues that the prosecutor improperly injected the issue of defendant's alleged assault on a police officer while armed with a shotgun. On direct examination, defendant testified that he had been convicted of resisting and obstructing a police officer and he discussed the circumstances surrounding the offense. On cross-examination, the prosecutor asked defendant whether he had aimed a shotgun at a

police officer and was originally charged with assault with a dangerous weapon. Defense counsel objected, citing MRE 609, on the ground that the question improperly referred to the charge rather than the conviction.

On appeal, defendant argues that the prosecutor's question was designed to inflame the jury. Defendant did not object on this basis below, and, generally, an objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground. *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993). Further, no substantial right of defendant's was affected, MRE 103(a)(1), because defendant's testimony on direct examination opened the door to the questions asked by the prosecutor with regard to the circumstances surrounding the conviction. *People v Paquette*, 214 Mich App 336, 342; 543 NW2d 342 (1995).

III

Next, defendant claims that he was denied the effective assistance of counsel at trial because counsel failed to raise the defense of entrapment. Defendant did not move for a new trial or an evidentiary hearing on this basis below. Failure to so move precludes appellate review unless the record contains sufficient detail to support defendant's claims, and, if so, review is limited to the record. *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995).

A review of the trial testimony does not reveal that defendant could have proffered a successful entrapment defense under either test set forth in *People v Fabiano*, 192 Mich App 523, 526; 482 NW2d 467 (1992). Therefore, we cannot conclude from the

record before us that defense counsel's performance fell below an objective standard of reasonableness or that the representation prejudiced defendant. *People v Pickens*, 446 Mich 298, 309; 521 NW2d 797 (1994).

IV

Defendant also argues that the prosecutor failed to use due diligence to produce the police informant at trial. A careful review of the record indicates that defendant is not entitled to relief with regard to this issue.

Before the jury was selected, the prosecutor informed the trial court that the confidential police informant, Larry Karcher, had been subpoenaed but would not be present for trial. The prosecutor further stated that he did not know why Karcher would not be present, but had only been informed that Karcher would not be returning to this state for trial. The prosecutor then requested that the trial court permit him to use Karcher's preliminary examination testimony in lieu of Karcher's live testimony. The trial court denied this request, ruling that allowing the prosecutor to use the preliminary examination testimony would be prejudicial and an unfair surprise to defense counsel. Because of this ruling, the prosecutor then moved to sever counts I and II (delivery of codeine and delivery of hydrocodone) of the felony complaint, adjourn trial on those two counts, and proceed to trial only on count III (delivery of codeine).

In not allowing the prosecutor to use the preliminary examination testimony, the trial court specifically stated that it assumed that the prosecutor had used due diligence in attempting to produce Karcher for trial. Ultimately, defense counsel agreed that he

would assume that the prosecutor had used due diligence in attempting to produce Karcher for trial and that he had no objection to severing counts I and II and adjourning those two counts while proceeding to trial with regard to count III only. Further, the prosecutor was not entitled to use Karcher's preliminary examination testimony at trial.

Under MCL 767.40a(4); MSA 28.980(1)(4), a witness to be called at trial may be deleted from the witness list by the prosecutor at any time upon leave of the court and for good cause shown or by stipulation of the parties. Here, the parties stipulated deleting Karcher from the witness list, and the trial court fashioned an appropriate remedy in defendant's favor. Defendant has not identified any error requiring reversal regarding this issue.

V

Defendant also contends that the cumulative effect of the errors deprived him of a fair trial, citing an unpublished opinion per curiam of this Court. First, we note that an unpublished opinion is not precedentially binding under the rule of stare decisis. MCR 7.215(C)(1). Second, we reject the merits of defendant's claim because we have concluded that no errors occurred at trial; thus, we reject the argument that the cumulative effect of the errors requires reversal. *People v Wilson*, 196 Mich App 604, 610; 493 NW2d 471 (1992).

VI

Last, defendant claims that his sentence of seven to twenty years violates the principle of proportionality. First, although the sentence recommended by sen-

tencing guidelines for the underlying conviction of delivery of codeine was 1½ to 4 years, defendant was sentenced as a fourth-offense habitual offender. Appellate review of habitual offender sentences using the sentencing guidelines is inappropriate. *People v Gatewood*, 450 Mich 1025 (1996); *People v Gatewood (On Remand)*, 216 Mich App 559, 560; 550 NW2d 265 (1996). Our review of defendant's fourth-offense habitual offender sentence is limited to whether the sentence violates the principle of proportionality without reference to the guidelines. *Id.* In light of the circumstances of this case and the background of the offender (four prior felony convictions and twenty-two prior misdemeanor convictions), we cannot conclude that the sentence violates the principle of proportionality. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

Affirmed.