*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JADZIA NICOLE CHECCHI,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2024
2:17 PM

No. 366516
Newaygo Circuit Court
LC No. 2022-013051-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant, Jadzia Nicole Checchi, appeals as of right from her jury trial conviction for delivery of a controlled substance, MCL 333.7401(2)(b)(*ii*). The trial court sentenced defendant to two years' probation with 300 days in jail. On appeal, defendant argues the trial court erroneously admitted hearsay evidence as an adoptive admission by defendant. Defendant also claims that the prosecution failed to introduce sufficient evidence to support her conviction. Lastly, defendant contends she is entitled to resentencing before a different judge because the trial court judge improperly based defendant's sentence on her failure to admit guilt.

Although the trial court erred by finding out-of-court statements were admissible as adoptive admissions under MRE 801(d)(2)(B), because the statements are not hearsay, they were properly admitted. Additionally, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to prove she knowingly delivered a controlled substance. Finally, although defendant is entitled to resentencing because the trial court impermissibly relied on her refusal to admit guilt when imposing her sentence, we decline to remand to a different judge for resentencing.

## I. BACKGROUND

Defendant's husband, Tynan Checchi (Tynan), was serving a prison sentence at the Newaygo County Jail. In October 2021, defendant went to the jail to bring Tynan a pair of reading glasses contained in a soft case. When defendant entered the jail's front lobby, she placed the glasses case in a box, known as a pass through, and delivered it to the front desk worker. The front desk worker placed the case on a medical cart in the jail's control room, and contacted the jail's

nurse to inform her the glasses had been dropped off. The nurse then brought the glasses case to the medical office and placed them in the top drawer of a medical cart, where they stayed while she left to deliver medication to the inmates. After delivering the medication, the nurse returned to the medical office, retrieved the glasses, and brought them back out to the booking desk for inspection. As the nurse removed the glasses and a cleaning cloth from the case, she noticed that the case was crinkly. Because the case had an "unusual texture," she flipped the glasses case inside out and discovered 49 orange strips in the lining of the case. The strips were identified as buprenorphine, also known as Suboxone, a controlled substance. Defendant was later charged and bound over for one count of delivering a controlled substance.

At the start of defendant's jury trial, the parties discussed issues regarding the evidence to be presented during trial. One such issue concerned the admission of a recorded phone conversation between defendant and Tynan after she dropped off his glasses case at the jail. The prosecutor claimed the statements made in the phone call were not hearsay because they were questions, not assertions, and they were not offered to prove that the drugs found within the glasses case came from Tynan's mother or sister, rather, they were offered to prove that defendant knew the drugs were inside of the case. In the event the court found the statements constituted hearsay, the prosecutor argued that the statements would be admissible under MRE 803(1) as a present sense impression or under MRE 804(b)(4) as a statement against interest. By contrast, defendant claimed that the statements were hearsay because they were being offered to prove "the ultimate issue here, which is whether or not my client knew that there were drugs in that glasses case." Additionally, defendant asserted that the statements were not excited utterances, present sense impressions or statements against interest, and thus were inadmissible. Rather than finding that one of the argued hearsay exceptions applied, the trial court admitted the phone call recording as an adoptive admission under MRE 801(d)(2)(B).

During trial, the prosecution introduced several witnesses who primarily testified about how the Suboxone was discovered and the contents of the glasses case. After the prosecution rested, defense counsel moved for "a directed verdict of acquittal," arguing that no evidence directly connected defendant with the Suboxone. In response, the prosecutor argued that, viewing the evidence in the light most favorable to the prosecution, a reasonable juror could find defendant guilty of delivering a controlled substance because she brought the glasses case to the jail for Tynan, the case contained Suboxone, and the recorded phone call indicated that defendant knew the Suboxone was inside of the case. The trial court denied defendant's motion for a directed verdict, finding that there was "enough evidence to submit the case to the jury," based on the witnesses' testimony regarding the contents of the glasses case and Tynan's unusual use of the word "shit" in the recorded phone call.

Thereafter, defendant testified. Defendant said that she collected Tynan's reading glasses from his mother's house and brought them to him at the jail in October 2021. She explained that she brought the glasses to Tynan because he had an eye examination while in jail and wanted to change out his frames. Defendant stated that she did not take the glasses out of the case, but glanced inside to confirm the glasses and cleaning cloth were there. She denied placing the drugs in the glasses case or even knowing the drugs were inside. She further claimed that had she known the case contained drugs, she would not have brought it. Regarding the recorded phone call played earlier in the trial, defendant explained that when Tynan thanked her for "bringing that shit to me," she believed Tynan was referencing the glasses, case, and cleaning cloth, not drugs.

-2-

During closing arguments, the prosecutor argued that there was sufficient evidence to prove, beyond a reasonable doubt, that defendant knew the case contained Suboxone because it was obvious that there was something inside of the case once the glasses were removed, and the phone call between defendant and Tynan suggested that defendant knew the case contained drugs. By contrast, defendant claimed that the prosecutor failed to meet his burden because defendant never fully removed the glasses from the case, and thus, she could not tell there was anything unusual inside. Moreover, Tynan's reference to getting "that shit" from his mother or sister was a broad expression and did not definitively prove he was referring to drugs.

After a brief deliberation, the jury found defendant guilty of delivery of a controlled substance.

At sentencing, defendant denied knowing about the drugs and asked the trial court for mercy, explaining that she was the primary caregiver for her two young children, provided care for sick family members, and her life would be severely disrupted by a jail sentence. Before imposing defendant's sentence, the trial court made statements indicating that had defendant just "owned" her crime she would have received a lesser jail sentence. The trial court then gave defendant the choice between a 10-month jail sentence or a 13-month sentence in the Michigan Department of Corrections with the possibility of participating in a Boot Camp Program if she was eligible. Defendant chose the former. The court then imposed the probationary term with 300 days in jail. This appeal followed.

## II. HEARSAY

Defendant claims the trial court erred because it erroneously admitted hearsay evidence as adoptive admissions by defendant. Although we agree the evidence was not admissible as adoptive admissions, because the statements were not hearsay, we find no error.

## A. STANDARDS OF REVIEW

An appellate court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). But when the trial court's decision to admit evidence involves a preliminary question of law, such as whether a rule of evidence precludes admissibility, then we review that preliminary question of law de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). De novo review means that an appellate court evaluates the issues independently and owes no deference to the trial court's decision. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). An evidentiary error is not a ground for reversal unless, after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome-determinative. *Lukity*, 460 Mich at 496.

## B. ANALYSIS

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible unless the Michigan Rules of Evidence provide otherwise. MRE 802. "If, however, the proponent of the evidence offers the statement for a purpose other than to prove the truth of the matter asserted, then the statement, by definition, is not hearsay." *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). "For spoken words to qualify as an assertive 'statement' under the hearsay rules, those words must contain an assertion of fact that is—when made—capable of being true or false." *People v Propp*, 340 Mich App 652, 666; 987 NW2d 888 (2022) (quotation marks, citations, and alteration omitted). Further, questions and other nonassertive acts or conduct are not considered hearsay. *Id.* at 667; *People v Jones (On Rehearing After Remand)*, 228 Mich App 191, 205; 579 NW2d 82 (1998), mod in part on other grounds 458 Mich 862 (1998).

There are a few exceptions under the Michigan Rules of Evidence that permit out-of-court statements, offered to prove the truth of the matter asserted therein, to be admitted as nonhearsay evidence. See MRE 801(d). Under MRE 801(d)(2)(B), an admission by a party opponent is admissible as nonhearsay if the statement is offered against a party and is a statement of which the party has manifested an adoption or belief in its truth. *People v Solmonson*, 261 Mich App 657, 664; 683 NW2d 761 (2004). "An adoptive admission is the express adoption of another's statement as one's own. It is conduct on the [p]art of a party which manifests circumstantially that party's assent in the truth of a statement made by another." *Shemman v American Steamship Co*, 89 Mich App 656, 673; 280 NW2d 852 (1979) (quotation marks and citation omitted).[1] "Adopted admissions are admissible when it clearly appears that the defendant understood and unambiguously assented to the statements made." *People v Lowe*, 71 Mich App 340, 346; 248 NW2d 263 (1976).

In the recorded phone call played at trial, defendant and Tynan stated, in relevant part:

> *Tynan*: Hey, and uh, um, yeah, just, you know, tell my sister thank you for giving me those and shit, you know, and you bringing them up here, I appreciate it.
>
> *Defendant*: Okay. You're welcome.
>
> *Tynan*: And, um, so she went and got them bitches and just gave them to you to bring to me and shit, I appreciate that.
>
> *Defendant*: (Inaudible).

---

[1] While we are "not 'strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990,' those opinions are nonetheless 'considered to be precedent and entitled to significantly greater deference than are unpublished cases.' " *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019), quoting *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (emphasis omitted).

*Tynan*: Or was it my mom?

*Defendant*: What?

*Tynan*: Did my mom give you those to give to me?  My mom gave—just gave you that shit to give to me, right?

*Defendant*: Right.

Because Tynan's statements were not offered to prove that Tynan's mother or sister gave defendant "that shit" or "them bitches," but to prove that defendant knew the glasses contained a controlled substance, they do not meet the definition of hearsay under MRE 801(c).  See also *Musser*, 494 Mich at 350.  Further, several of Tynan's "statements" in the recording are actually questions, thus, they are not considered hearsay statements.  *Propp*, 340 Mich App at 667.  And because Tynan's other statements involved him expressing his appreciation for defendant and his sister, they arguably do not contain any assertions of fact, and are also not considered hearsay.  See *id*. at 666; *Jones*, 228 Mich App at 205.

Although Tynan's statements do not meet the definition of hearsay, the trial court did not admit the recording on these grounds.  Instead, the trial court found the statements were admissible because they were nonhearsay statements under MRE 801(d)(2)(B).  But defendant's responses to Tynan's "statements" are not adoptive admissions.  As stated, because the statements were not offered to prove the truth of the matter asserted therein, but to prove defendant had knowledge of the Suboxone, they do not qualify as hearsay.  Further, Tynan stated, "you know, tell my sister thank you for giving me those and shit, you know, and you bringing them up here, I appreciate it."  Because Tynan was simply expressing his appreciation for defendant and his sister, defendant replying, "you're welcome," is arguably not an adoptive admission because there was nothing factual in Tynan's statement for her to adopt or assent to.  See *Shemman*, 89 Mich App at 673; *Lowe*, 71 Mich App at 346.  Although defendant's response to Tynan's question about whether his mother gave defendant "that shit" may demonstrate her assent to the truth of the "statement"—that Tynan's mother did in fact give her "that shit"—questions are not assertions for hearsay purposes so there was no statement for defendant to adopt or assent to.  As such, none of the statements in the recording were admissible as adoptive admissions under MRE 801(d)(2)(B).  Accordingly, although the trial court erred by admitting the statements as adoptive admissions, they were admissible and this error is not a ground for reversal.  See *Lukity*, 460 Mich at 496; see also *People v Meeker*, 340 Mich App 559, 569; 986 NW2d 622 (2022) (stating that this Court " 'will affirm a lower court's ruling when the court reaches the right result, albeit for the wrong reason' "), quoting *People v Lyon*, 227 Mich App 559, 612-613; 517 NW2d 124 (1998).

## III.  SUFFICIENCY OF THE EVIDENCE

Defendant argues her conviction should be overturned because the prosecution failed to introduce sufficient evidence to support her conviction for intent to deliver a controlled substance.  We disagree.

## A. STANDARDS OF REVIEW

We review a sufficiency-of-the-evidence challenge de novo, meaning "we do not defer to any decision made by the trial court, but instead employ our independent judicial views while employing the well-settled standards for deciding sufficiency issues." *People v Harverson*, 291 Mich App 171, 176; 804 NW2d 757 (2010). In determining whether sufficient evidence was presented to support a conviction, we view the evidence in a light most favorable to the prosecution, with any conflicts in the evidence resolved in the prosecution's favor, to determine whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt. *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "When reviewing the sufficiency of the evidence, appellate courts must not interfere with the fact-finder's role of deciding credibility." *People v Xun Wang*, 505 Mich 239, 258; 952 NW2d 334 (2020). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). " 'It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences.' " *Id*., quoting *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002) (emphasis added).

## B. ANALYSIS

Defendant was convicted of delivering a controlled substance in violation of MCL 333.7401(2)(b)(*ii*). To establish that defendant delivered Suboxone in violation of MCL 333.7401, the prosecution must prove that (1) defendant delivered a controlled substance (Suboxone),[2] (2) the substance delivered was Suboxone, and (3) defendant knew that she was delivering Suboxone. See *People v Collins*, 298 Mich App 458, 462; 828 NW2d 392 (2012). The terms "deliver" and "delivery" mean "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." MCL 333.7105(1). Delivery of a controlled substance is a general intent crime and the act of transferring the controlled substance to another person is sufficient to establish a delivery. *People v Maleski*, 220 Mich App 518, 522; 560 NW2d 71 (1996). Defendant does not contest that she delivered a controlled substance or that the delivered substance was Suboxone. Rather, defendant challenges whether the prosecutor presented sufficient evidence to show that she *knew* she was delivering Suboxone.

During trial, defendant testified that she collected Tynan's glasses from his mother's house to bring them to him at the county jail. Defendant further testified that she did not take the glasses out of the case, but merely glanced inside to confirm the glasses and cleaning cloth were inside. But considering that the jail's front desk worker saw defendant pull the glasses out of the case before placing them into the pass through box, the jury could reasonably have discredited defendant's testimony. Moreover, although both the front desk worker and a jail deputy testified that there was nothing unusual about the glasses case or that it was immediately obvious a foreign

---

[2] Suboxone is a Schedule 3 controlled substance. See MCL 333.7216.

substance was inside, when the jail nurse removed the glasses and cleaning cloth from the case, she immediately noticed that the case was crinkly, which was an "unusual texture." Based on this evidence, the jury could have found that it was unlikely that defendant did not know there was something unusual about the glasses case before delivering it.

Further, in the recorded phone call between defendant and Tynan, Tynan told defendant to thank his sister for "giving me those and shit" and stated that his sister "went and got them bitches." Tynan later asked defendant to clarify whether his sister or mother gave defendant "that shit" to give to him. Although defendant explained that she believed Tynan was referencing the glasses, case, and cleaning cloth, as explained by the trial court judge, the jury was free to reject defendant's testimony, and could reasonably infer that by using the phrase "that shit" and "them bitches," Tynan was not referring to his glasses, but the Suboxone contained within the case. Viewing the evidence in the light most favorable to the prosecution, the jury could have found, beyond a reasonable doubt, that defendant knew there was Suboxone inside of the glasses case.

## IV. SENTENCING ERROR

Defendant contends that because the trial court improperly based her sentence on her failure to admit guilt, she is entitled to resentencing before a different judge. The prosecution concedes that the sentencing court erred, but denies that remand for resentencing before a different judge is required. Although we agree with the parties that the trial court erred and that resentencing is required, we find that it is unnecessary to remand for resentencing before a different judge.

### A. STANDARDS OF REVIEW

Because defendant did not raise this issue at sentencing, in a motion for resentencing, or a motion to remand, her argument is unpreserved. *People v Clark*, 315 Mich App 219, 224; 888 NW2d 309 (2016). Our review of defendant's unpreserved argument "is limited to plain error affecting substantial rights. To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *People v Anderson*, 322 Mich App 622, 634-635; 912 NW2d 607 (2018) (quotation marks, footnotes, and citations omitted). This third requirement "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Bailey*, 330 Mich App 41, 54; 944 NW2d 370 (2019) (citation omitted). "Reversal will only be warranted when the plain error leads to the conviction of an actually innocent defendant or when an error affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quotation marks and citations omitted).

### B. ANALYSIS

A trial court cannot base a sentence, even in part, on a defendant's refusal to admit guilt, *People v Carlson*, 332 Mich App 663, 675; 958 NW2d 278 (2020), and cannot offer to impose a lesser sentence in return for an admission of guilt. *People v Conley*, 270 Mich App 301, 315; 715 NW2d 377 (2006).

> To determine whether sentencing was improperly influenced by the defendant's failure to admit guilt, we focus on three factors: (1) the defendant's maintenance of innocence after conviction; (2) the judge's attempt to get the defendant to admit

guilt; and (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe. [*Carlson*, 332 Mich App at 675 (quotation marks and citations omitted).]

During sentencing, defendant maintained that she did not know about the Suboxone and asked the trial court for mercy. She also presented a letter written by Tynan in which he purportedly admitted that he was working with his mother and sister to smuggle drugs into the jail, and that he was using defendant to deliver drugs. Before imposing defendant's sentence, the trial court stated:

> [Defendant], you know, I gave you every opportunity, in my mind, I heard the trial. I believe that you were doing this for your husband and you knew exactly what was going on. That's what I believe. I gave you a chance to own that today and you didn't. So, any chance of a lenient sentence has gone out the window. But I indicated to your attorney that what I was considering doing was either 10 months in the County Jail or 13 months with MDOC with no objection to the Boot Camp if they determine that you're eligible.
>
> If you'd have just owned it, you could have got basically a more minimal jail sentence, but I'm not asking you to lie, either; so there you go.

Clearly, the trial court impermissibly relied on defendant's refusal to admit guilt, even going so far as to say that defendant would have received a "more minimal" sentence if she had admitted she was guilty. As conceded by plaintiff, this is an error requiring resentencing. See *Carlson*, 332 Mich App at 675; *Conley*, 270 Mich App at 315. Thus, the question before us is whether resentencing before a different judge is necessary.

"When a case is remanded for resentencing, the reviewing court may hold that resentencing should be carried out by a different judge." *People v Dixon-Bey*, 340 Mich App 292, 303; 985 NW2d 904 (2022). In determining whether to remand for resentencing before a different judge, we consider:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed [sic] views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*Id*. at 304 (citation omitted, alteration in original).]

Although the trial court erred by imposing a sentence based, in part, on defendant's refusal to admit guilt, the record also shows the trial court gave defendant the choice between a 10-month sentence in the Newaygo County Jail or a 13-month sentence in the Michigan Department of Corrections with the possibility of participating in a Boot Camp Program if she was eligible. Defendant chose to serve her sentence in the county jail. Accordingly, the trial court sentenced defendant to 10 months in the Newaygo County Jail, which was the lowest possible sentence within the sentencing guidelines. Because the trial court's actions do not demonstrate any prejudice

against defendant and nothing the record suggests that the trial court would have substantial difficulty putting out of its mind any previously expressed views or erroneous findings, it is unnecessary to remand to a different judge for resentencing.

We affirm defendant's conviction and remand for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica