PEOPLE v NORTHROP

Docket No. 144218. Submitted June 21, 1995, at Detroit. Decided September 19, 1995, at 9:10 A.M. Leave to appeal sought.

Charles Northrop was convicted after a bench trial in the Detroit Recorder's Court, William Leo Cahalan, J., of possession of 50 to 225 grams of cocaine and was sentenced to imprisonment for eight to twenty years. The defendant appealed.

The Court of Appeals *held:*

1. In initially finding that, because the prosecutor did not establish that the defendant knew the amount of cocaine he possessed, the defendant could be convicted only of possession of 50 grams or less and in deciding upon reconsideration not to render a decision pending an appeal by the prosecution with respect to knowledge of the amount possessed, the trial court did not acquit the defendant of possession of 50 to 225 grams. The subsequent conviction based on a stipulation that the defendant knew that he possessed 50 to 225 grams is not barred by double jeopardy.

2. The defendant was not denied effective assistance of trial counsel when counsel, instead of moving to suppress evidence of the bag of cocaine, decided to assert the defense that the bag did not belong to the defendant by presenting witnesses who testified that they had not seen the defendant with the bag.

3. Knowledge by the possessor of the amount of controlled substances possessed is not an element of the offense of possession of a controlled substance. Statutory penalties that grow harsher with increasing amounts of controlled substances possessed do not violate the constitutional guarantees.

4. The statutory minimum penalty for possession of 50 to 225 grams of cocaine is not cruel and unusual. Notwithstanding that the penalty for delivery of 50 to 225 grams of cocaine is the same as the penalty for possession of the same amount and that, for other controlled substances, penalties for possession are less than those for delivery of the same amount, the

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons § 27.13.

See ALR Index under Drugs and Narcotics; Notice and Knowledge.

legislatively mandated sentences are presumptively valid, and trial courts have discretion to depart from the mandated sentences for substantial and compelling reasons.

Affirmed.

CONTROLLED SUBSTANCES — POSSESSION — KNOWLEDGE OF AMOUNT POSSESSED.

An accused's knowledge of the amount of a prohibited controlled substance possessed is not an element of the crime of possession of the controlled substance.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald E. Steinberg* and *Daryl B. Mack*), for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and D. J. KELLY,* JJ.

PER CURIAM. Defendant appeals as of right from his November 29, 1990, bench trial conviction of possession of 50 to 225 grams of cocaine, MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii). Defendant was sentenced to eight to twenty years in prison on December 13, 1990. We affirm.

Defendant was arrested at the Greyhound bus station in Detroit by two uniformed Detroit police officers. Defendant was arrested when he responded to an officer's query regarding whether he was selling drugs by giving the incriminating reply that he had marijuana in his sock. The officer placed defendant under arrest for violation of the marijuana ordinance and confiscated his bag,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which was found to contain toiletries and a large quantity of suspected cocaine.

Defendant later denied that the bag was his; however, the trial court concluded from the testimony that although defendant knew the carryall bag contained cocaine, the prosecution had not proved that defendant knew *how much* cocaine was in the bag, and defendant therefore was guilty only of simple possession. The court then announced that it was finding defendant guilty of possessing less than fifty grams.

The prosecutor then moved for reconsideration. The prosecutor argued that quantity was not an element of the crime and asked that the court not render its verdict until such time as the prosecution had an opportunity to appeal the court's finding. The court agreed to the prosecutor's request and took the matter under advisement.

A month later the parties entered into a stipulation that enabled the trial court to find defendant guilty of possession of 50 to 225 grams of cocaine on the basis of an admission by defendant that he had been aware that he was carrying between 50 and 225 grams of cocaine. Defendant was then sentenced.

On appeal, defendant first contends that the trial court's findings of facts and conclusions of law constituted an acquittal of possession of 50 to 225 grams of cocaine and that the later stipulation and conviction resulted in a violation of the constitutional prohibition against double jeopardy. It is defendant's contention that the trial court had found defendant guilty of possession of less than 50 grams of cocaine and, after making that finding, granted a stay of proceedings to the prosecution for the purpose of an appeal, and that double jeopardy barred the later conviction.

The Constitutions of the United States and the

State of Michigan prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Wilcox,* 183 Mich App 616, 620; 456 NW2d 421 (1990), lv den 437 Mich 1002 (1991), cert den 502 US 898; 112 S Ct 274; 116 L Ed 2d 226 (1992). The purpose of the double jeopardy protection is to preserve the finality of judgments in criminal prosecutions and protect defendants from prosecutorial overreaching. *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986).

A review of the record convinces this Court that the trial court did not render a verdict but was articulating its findings with respect to the elements of the charge and that both counsel for the defendant and the people were proceeding with full understanding that the trial court did not render a verdict. *People v Anderson,* 409 Mich 474, 482-483; 295 NW2d 482 (1980).

Next, the defendant raises the issue of ineffective assistance of counsel. This Court remanded for an evidentiary hearing. To establish that the right to effective assistance of counsel was so undermined as to justify reversal of an otherwise valid conviction, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the representation so prejudiced the defendant that the defendant was deprived of a fair trial. *People v Pickens,* 446 Mich 298; 521 NW2d 797 (1994). Upon review of the proceedings and the *Ginther*[1] hearing, this Court is convinced that defendant was not denied his constitutional right to effective assistance of counsel because it is apparent from the proceedings that defense counsel considered motions to suppress evidence but was convinced, after his conversa-

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

tions with defendant and other investigation, that such motions would not be granted and that the most attractive trial tactic was to assert the defense that the luggage did not belong to defendant. Counsel obtained testimony of a bus station employee and defendant's girl friend, who had driven him to the bus station, that the bag containing the contraband was not seen in his possession before the arrest. Defense counsel also presented testimony by defendant's mother that she had helped him pack his bags, that the particular bag involved was not among those that she had observed, and that the rather substantial amount of cash that defendant had in his possession at the time of his arrest was given to him before his trip by his mother. We find that defendant was not denied effective assistance of counsel.

We are next asked to consider the constitutionality of the provisions of the Michigan statutes that impose penalties based upon the quantity of drugs possessed or delivered without regard to knowledge by the defendant of the quantity of the drug involved.

The Michigan penalty scheme does not violate constitutional guarantees. An individual convicted of delivery, possession with intent to deliver, or possession of a controlled substance is subject to mandatory prison terms. MCL 333.7401 et seq.; MSA 14.15(7401) et seq. This Court has held that knowledge of the quantity is not an essential element of the crime, People v Cortez, 131 Mich App 316, 331; 346 NW2d 540 (1984); People v Hamp, 170 Mich App 24; 428 NW2d 16 (1988), and that the purpose of the statute with the mandatory minimums is to keep drug dealers away from society for long and definite periods by using harsh sentences, People v Hill, 192 Mich App 102, 115-

116; 480 NW2d 913 (1991), (*After Remand*) 202 Mich App 520; 509 NW2d 856 (1993).

Finally, defendant claims that the penalties for the possession of 50 to 225 grams of cocaine is cruel and unusual punishment in view of the fact that the same mandatory penalties are prescribed for serious offenses of delivery of the same amount of cocaine and the fact that offenses involving other drugs have lesser penalties for mere possession as opposed to delivery offenses.

As we have previously stated, the purpose of the mandatory minimum sentences is to protect society from drug dealers. *Hill, supra.* These minimums generally presume that the applicable minimum is an appropriate sentence, and a legislatively mandated sentence is thus presumed to be proportionate and valid. *People v Poppa,* 193 Mich App 184, 188-189; 483 NW2d 667 (1992).

Under MCL 333.7403(3); MSA 14.15(7403)(3), the trial court has discretion to impose a sentence below the mandatory minimum sentence if it finds on the record that there are substantial and compelling reasons to do so. The trial court was authorized to impose a sentence proportional to the individual defendant, and this defendant in fact was sentenced below the mandatory minimum. The statute is not unconstitutional.

We affirm defendant's conviction and sentence and find that defendant's conviction does not violate double jeopardy, that defendant was not denied effective assistance of counsel, that the penalty provisions of the controlled substance statute are not unconstitutional, and that the penalty provisions for possession of between 50 and 225 grams of a controlled substance is not unconstitutional.

Affirmed.