605 N.W.2d 322 (1999)
238 Mich. App. 333
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Jimmy MASS, a/k/a Koolaid, Defendant-Appellant.
Docket No. 208384.
Court of Appeals of Michigan.
Submitted August 10, 1999, at Detroit.
Decided October 26, 1999, at 9:20 a.m.
Released for Publication February 10, 2000.
*324 Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, Edward F. Swinkey, Prosecuting Attorney, and Cheryl E. Werner, Assistant Prosecuting Attorney, for the people.
State Appellate Defender (by C. Joseph Booker), for the defendant on appeal.
Before: HOEKSTRA, P.J., and O'CONNELL and R.J. DANHOF[*], JJ.
*323 O'CONNELL, J.
Defendant appeals as of right from his jury trial convictions of delivery of more than 225 but less than 650 grams of cocaine, M.C.L. § 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and conspiracy to commit that offense, M.C.L. § 750.157a; MSA 28.354(1). Defendant was sentenced to consecutive terms of ten to twenty years' imprisonment for the convictions. We affirm, but remand for correction of the judgment of sentence.
Defendant argues that the evidence was insufficient to support his convictions because the prosecution presented no evidence that he had knowledge of the quantity of cocaine to be delivered. When reviewing a claim of insufficient evidence, this Court must view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. People v. Wolfe, 440 Mich. 508, 515, 489 N.W.2d 748 (1992), amended 441 Mich. 1201 (1992).
Defendant's challenge to his delivery conviction fails because knowledge of the quantity of the controlled substance is not an essential element of a delivery offense. People v. Northrop, 213 Mich. App. 494, 498, 541 N.W.2d 275 (1995). Defendant's challenge to his conspiracy conviction also fails because the prosecution was not required to prove that defendant had knowledge of the quantity of cocaine involved in the transaction. "Establishing a conspiracy requires evidence of specific intent to combine with others to accomplish an illegal objective." People v. Blume, 443 Mich. 476, 481, 505 N.W.2d 843 (1993). Therefore, the prosecution must prove that defendant had the specific intent to commit the underlying substantive offense. Because defendant could be convicted of the substantive delivery offense without knowledge of the quantity of cocaine, it would be illogical to require that defendant have knowledge of the quantity of cocaine in order to possess the specific intent to commit the substantive offense. In other words, if defendant could be found guilty of delivering the cocaine without knowing how much cocaine was delivered, then he certainly could be found guilty of agreeing to deliver the cocaine without knowing how much was to be delivered.
Defendant argues that proof of knowledge of the quantity of the cocaine was required by the Supreme Court's decision in People v. Justice (After Remand), 454 Mich. 334, 562 N.W.2d 652 (1997). In that case, the Court held as follows:
To be convicted of conspiracy to possess with intent to deliver a controlled substance, the people must prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and (3) the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person. [Id. at 349, 562 N.W.2d 652.]
Thus, although the substantive offenses of delivery of a controlled substance and possession with intent to deliver a controlled substance do not require proof of knowledge *325 of the quantity of the controlled substance, defendant argues that, according to Justice, to demonstrate a conspiracy, proof of knowledge of quantity is required because the prosecution must prove a specific intent to deliver the statutory minimum quantity as charged. We disagree with this reading of Justice. A reasonable interpretation of the phrase, "the specific intent to deliver the statutory minimum as charged," is that the defendant must possess the specific intent to deliver the controlled substance, and that the quantity of the substance must then meet the statutory minimum. To interpret this phrase to require proof that the defendant knew the exact quantity of the controlled substance would lead to unreasonable results. For example, a defendant could be found guilty of a delivery offense without knowing how much cocaine was involved, while avoiding all criminal liability for conspiracy merely because, although he knew that he was agreeing to deliver cocaine, he did not know how much cocaine was to be delivered. Or, a defendant could avoid conspiracy liability because, although he knew the rough extent of the amount of cocaine involved in a drug transaction, he did not know the exact measurement with scientific precision, i.e., whether 224 or 226 grams of cocaine were involved. Therefore, we conclude that, although proof of the specific intent to deliver a controlled substance is required in order to establish a conspiracy, the specific intent requirement does not apply to the quantity of the substance. Because defendant's argument that there was insufficient evidence to support his convictions rests entirely on his assertion that the prosecution failed to prove that he knew the quantity of cocaine involved, we reject defendant's claim.
Even if we were to agree with defendant's reading of Justice, however, we would nonetheless conclude that the prosecution did present evidence from which the jury could infer that defendant knew the quantity of the cocaine to be delivered. Defendant concedes that, viewed in the light most favorable to the prosecution, the evidence demonstrated that defendant knew that he was assisting in a drug transaction. The evidence also demonstrated that, eight days before the transaction, defendant was present when an undercover police officer asked defendant's coconspirator for ten ounces of cocaine (approximately 246 grams). Later, the undercover officer arranged to buy ten ounces of cocaine from defendant's coconspirator. Defendant met the officer later that day and led him to where the coconspirator was waiting with the cocaine. Additionally, when the officer expressed concerns about the arrangement, defendant assured him that the coconspirator had the officer's "stuff." This evidence was sufficient for the jury to infer that defendant knew that he was assisting in the purchase of ten ounces (more than 225 but less than 650 grams) of cocaine. Therefore, even if knowledge of quantity were required to establish a conspiracy, we would conclude that the evidence was sufficient to support defendant's conviction.
Defendant also argues that the trial court erred in instructing the jury regarding the conspiracy charge because it failed to instruct the jury that it must find that defendant agreed to deliver more than 225 but less than 650 grams of cocaine. Essentially, defendant argues that the jury should have been instructed that the prosecution must prove that defendant knew the quantity of the cocaine involved in the transaction. However, defendant failed to request such an instruction and failed to object to the instructions given. This issue is therefore unpreserved, People v. Kennebrew, 220 Mich.App. 601, 608, 560 N.W.2d 354 (1996), and, in order to avoid forfeiture of this issue, defendant must demonstrate plain error that was prejudicial, i.e., that could have affected the outcome of the trial. People v. Grant, 445 Mich. 535, 553, 520 N.W.2d 123 (1994); People v. Carines, 460 Mich. 750, 763-764, 597 N.W.2d 130 (1999).
*326 We find no error in the instructions given. For the reasons advanced above, we conclude that an instruction regarding knowledge of quantity would not have been appropriate because the prosecution was not required to prove that defendant knew the precise quantity of the cocaine involved. However, even if knowledge of the precise quantity were an essential element of the conspiracy charge, we would still conclude that the instructions did not constitute error. We review jury instructions in their entirety to determine whether error requiring reversal exists. People v. McIntire, 232 Mich.App. 71, 115, 591 N.W.2d 231 (1998). Even if somewhat imperfect, there is no error if the instructions fairly presented the issues to be tried and sufficiently protected defendant's rights. People v. Daoust, 228 Mich.App. 1, 14, 577 N.W.2d 179 (1998). In this case, the court instructed the jury that defendant was charged with crimes involving the delivery of more than 225 but less than 650 grams of cocaine and that defendant must have specifically intended to help deliver the cocaine in order to be guilty of conspiracy. We find no error in these instructions, and defendant has not demonstrated plain error that was outcome determinative. Therefore, defendant has forfeited review of this unpreserved issue.
Defendant next argues that the court erred in instructing the jury on the elements of the delivery charge. Again, defendant failed to object to the instructions given; therefore, this issue is forfeited unless defendant demonstrates plain error that was outcome determinative. Grant, supra at 553, 520 N.W.2d 123; Carines, supra at 763-764, 597 N.W.2d 130. The issue-forfeiture rule applies even to claims of instructional error pertaining to essential elements of the charged offense. Carines, supra at 766-767, 597 N.W.2d 130. Again, we find no error in the instructions given. Defendant was accused of aiding and abetting the delivery of the cocaine. To prove aiding and abetting, the prosecution must show the following:
(1) [T]he crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. [People v. Turner, 213 Mich.App. 558, 568, 540 N.W.2d 728 (1995).]
Here, the trial court instructed the jury as follows:
In this case the defendant is charged with the crime of Delivering Cocaine, or intentionally assisting someone else in committing it. Anyone who intentionally assists someone in committing a crime is as guilty as the person who directly commits it, and can be convicted of that crime as an aider and abettor. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the alleged crime was actually committed, either by the defendant or someone else. It does not matter whether anyone has been convicted of the crime. Second, that before or during the crime the defendant did something to assist in the commission of the crime. Third, that what the defendant gave  that when the defendant gave his assistance, he intended to help someone else commit the crime. It does not matter how much help, advice or encouragement the defendant gave. However, you must decide whether the defendant intended to help another commit the crime, and whether his help, advice or encouragement actually did help or advise, or encourage the crime. Even if the defendant knew that the alleged crime was planned or was being committed, the mere fact that he was present when it was committed is not enough to prove that he assisted in committing it.
*327 Defendant argues that the court erred because it failed to instruct the jury that the prosecution must prove that defendant intended the crime to be committed or knew that the principal intended to commit it. However, the court instructed the jury that the prosecution must prove that defendant intended to help someone commit the crime. This statement implies an intent that the crime be committed, and we therefore conclude that the instructions given fairly presented the issues and adequately protected defendant's rights. Daoust, supra at 14, 577 N.W.2d 179. Defendant has forfeited this unpreserved issue because no plain error exists that was outcome determinative.
Defendant also argues that he was denied his constitutional right to due process when the trial court instructed the jury that, in order to convict defendant of conspiracy, it must find that the agreement took place during the period of March 19, 1996, to March 27, 1996, while the felony information stated that the charged crimes occurred on or about March 27, 1996. This issue is also unpreserved because defendant failed to object to the challenged instruction. Even assuming that the instruction constitutes plain error, we conclude that defendant has not demonstrated prejudice, i.e., that the alleged plain error was outcome determinative. Carines, supra at 763-764, 597 N.W.2d 130. We note that the trial court, before giving the challenged instruction, instructed the jury that it must find, beyond a reasonable doubt, that the crimes occurred on or about March 27, 1996. Evidence of the March 19, 1996, conversation was introduced to establish that defendant knew that the undercover officer was seeking to purchase ten ounces of cocaine. The challenged instruction did not enlarge the scope of the conspiracy with which defendant was charged. The evidence supported only one agreement to deliver cocaine to the undercover officer, and the delivery occurred on the date stated in the information. Therefore, the error, if any, in giving the challenged instruction was not outcome determinative, and defendant has accordingly forfeited review of this issue by failing to preserve it.
Although not raised by the parties, we note that the judgment of sentence contains an incorrect statutory citation for conspiracy to deliver more than 225 but less than 650 grams of cocaine, repeating the citation for the delivery charge instead of providing the citation for conspiracy, M.C.L. § 750.157a; MSA 28.354(1). Accordingly, we remand for the limited purpose of correcting the judgment of sentence. People v. Avant, 235 Mich.App. 499, 520, 597 N.W.2d 864 (1999). See also MCR 7.216(A)(1); MCR 6.435(A).
Affirmed but remanded for correction of the judgment of sentence. We do not retain jurisdiction.
R.J. DANHOF, J., concurred.
HOEKSTRA, P.J., (concurring in part and dissenting in part).
On the basis of my reading of People v. Justice (After Remand), 454 Mich. 334, 562 N.W.2d 652 (1997), I must respectfully dissent from the majority's decision to affirm defendant's conspiracy conviction. I cannot agree that Justice does not require proof of the specific intent to deliver the statutory amount. With respect to defendant's conviction for delivery of more than 225 but less than 650 grams of cocaine, M.C.L. § 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), I join the majority's decision to affirm.
In Justice, supra at 349, 562 N.W.2d 652, our Supreme Court listed the elements of the crime "conspiracy to possess with intent to deliver a controlled substance."[1]
*328 To be convicted of conspiracy to possess with intent to deliver a controlled substance, the people must prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and (3) the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person.
Defendant argues that, under these elements, the prosecution must prove that he intended to deliver the amount charged. The majority disagrees, claiming that a "reasonable interpretation" of the requirement that the people prove "the specific intent to deliver the statutory minimum" is one that merely requires that the actual quantity involved meet the statutory minimum. Under the majority's view, the people need only prove the specific intent to deliver the controlled substance. I disagree.
Important to the resolution of the present issue is the Supreme Court's holding that conspiracy requires proof of a specific intent to combine to pursue the criminal objective that the actors have agreed upon. See Justice, supra at 345, 562 N.W.2d 652. The specific intent nature of conspiracy forms the basis for the Court's description of the crime's elements. Here, the majority errs in failing to read these elements in the context of the Court's description of conspiracy generally. Id. at 345-349, 562 N.W.2d 652. Rather, the majority relies on this Court's interpretation of the completed offense for assistance in interpreting Justice. In People v. Cortez,[2] 131 Mich.App. 316, 331, 346 N.W.2d 540 (1984), this Court held that knowledge of the weight of the controlled substance was not an essential element of the crime of possession. However, that case dealt with the completed crime of possession, a very different offense from conspiracy. As noted above, a conspiracy charge is based on the illegal agreement, and it is a specific intent offense. It follows, therefore, that while a defendant might be convicted of possessing a given amount of a controlled substance, there may not be sufficient evidence to convict him of conspiracy to possess that same amount, if indeed he did not know how much he possessed. The majority struggles with this outcome, but I believe that once one accepts that conspiracy is a separate offense from the crime of possession, the result is logical and acceptable.
The majority concludes that this interpretation of Justice leads to unreasonable results. While I agree that it is sometimes difficult to prove a defendant's knowledge of the amount involved in a conspiracy, the Court acknowledged this very problem in Justice. It stated that "the gist of the conspiracy lies in the unlawful agreement," id. at 345-346, 562 N.W.2d 652 (quoting People v. Carter, 415 Mich. 558, 568, 330 N.W.2d 314 [1982]), and noted that identifying the objectives of the unlawful agreement can be difficult, id. at 347, 562 N.W.2d 652. Here, the majority argues that requiring the prosecution to prove the amount involved will lead to absurd results. For example, the majority concludes that a defendant could be found guilty of a delivery offense without knowing how much cocaine was involved, and thereby avoid all criminal liability for conspiracy because he did not know "the exact measurement with scientific precision." This analysis ignores the fact that the prosecution can prove, through circumstantial evidence, that the defendant must have known the drugs in question exceeded a given minimum. The majority's use of the phrases "exact measurement" and "scientific precision" overstates the burden of proof. Justice does not require this result. Proving knowledge that the amount involved in the conspiracy exceeds *329 the statutory minimum may be difficult, but it is not impossible, and I contend that this is precisely what Justice requires for a conspiracy conviction.
Finally, I note that Justice is replete with analysis that confounds the majority's interpretation. For example, in the opinion's introductory paragraphs, Justice Riley makes clear that the issue to be discussed is whether there was probable cause to believe that the defendant was "guilty of conspiracy to possess with an intent to deliver more than 650 grams of cocaine...." Id. at 337, 562 N.W.2d 652. Throughout the opinion, the Court considers whether the evidence supported probable cause to believe that the amount of the controlled substance reached the statutory minimum for the conspiracy charge. See, for example, id. at 342, 351, n. 28, 352, and 353, 562 N.W.2d 652.
Because the jury was not properly instructed regarding the elements of the crime of conspiracy, I cannot find this error harmless. Therefore, I would reverse defendant's conviction of conspiracy.
NOTES
[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.
[1] I note that the charge here is conspiracy to deliver a controlled substance rather than conspiracy to possess with intent to deliver a controlled substance. The majority fails to make note of this difference and I discern no meaningful basis upon which to distinguish Justice on this ground for purposes of this discussion.
[2] The majority cites People v. Northrop, 213 Mich.App. 494, 498, 541 N.W.2d 275 (1995), but Northrop relies on the reasoning of Cortez.