Hoekstra, P.J.,
(concurring in part and dissenting in part). On the basis of my reading of People v Justice (After Remand), 454 Mich 334; 562 NW2d 652 (1997), I must respectfully dissent from the majority’s decision to affirm defendant’s conspiracy conviction. I cannot agree that Justice does not require proof of *343 the specific intent to deliver the statutory amount. With respect to defendant’s conviction for delivery of more than 225 but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), I join the majority’s decision to affirm.
In Justice, swpra at 349, our Supreme Court listed the elements of the crime “conspiracy to possess with intent to deliver a controlled substance.”[1]
To be convicted of conspiracy to possess with intent to deliver a controlled substance, the people must prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and (3) the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person.
Defendant argues that, under these elements, the prosecution must prove that he intended to deliver the amount charged. The majority disagrees, claiming that a “reasonable interpretation” of the requirement that the people prove “the specific intent to deliver the statutory minimum” is one that merely requires that the actual quantity involved meet the statutory minimum. Under the majority’s view, the people need only prove the specific intent to deliver the controlled substance. I disagree.
Important to the resolution of the present issue is the Supreme Court’s holding that conspiracy requires proof of a specific intent to combine to pursue the *344 criminal objective that the actors have agreed upon. See Justice, supra at 345. The specific intent nature of conspiracy forms the basis for the Court’s description of the crime’s elements. Here, the majority errs in failing to read these elements in the context of the Court’s description of conspiracy generally. Id. at 345-349. Rather, the majority relies on this Court’s interpretation of the completed offense for assistance in interpreting Justice. In People v Cortez,[2] 131 Mich App 316, 331; 346 NW2d 540 (1984), this Court held that knowledge of the weight of the controlled substance was not an essential element of the crime of possession. However, that case dealt with the completed crime of possession, a very different offense from conspiracy. As noted above, a conspiracy charge is based on the illegal agreement, and it is a specific intent offense. It follows, therefore, that while a defendant might be convicted of possessing a given amount of a controlled substance, there may not be sufficient evidence to convict him of conspiracy to possess that same amount, if indeed he did not know how much he possessed. The majority struggles with this outcome, but I believe that once one accepts that conspiracy is a separate offense from the crime of possession, the result is logical and acceptable.
The majority concludes that this interpretation of Justice leads to unreasonable results. While I agree that it is sometimes difficult to prove a defendant’s knowledge of the amount involved in a conspiracy, the Court acknowledged this very problem in Justice. It stated that “the gist of the conspiracy lies in the *345 unlawful agreement,” id. at 345-346 (quoting People v Carter, 415 Mich 558, 568; 330 NW2d 314 [1982]), and noted that identifying the objectives of the unlawful agreement can be difficult, id. at 347. Here, the majority argues that requiring the prosecution to prove the amount involved will lead to absurd results. For example, the majority concludes that a defendant could be found guilty of a delivery offense without knowing how much cocaine was involved, and thereby avoid all criminal liability for conspiracy because he did not know “the exact measurement with scientific precision.” This analysis ignores the fact that the prosecution can prove, through circumstantial evidence, that the defendant must have known the drugs in question exceeded a given minimum. The majority’s use of the phrases “exact measurement” and “scientific precision” overstates the burden of proof. Justice does not require this result. Proving knowledge that the amount involved in the conspiracy exceeds the statutory minimum may be difficult, but it is not impossible, and I contend that this is precisely what Justice requires for a conspiracy conviction.
Finally, I note that Justice is replete with analysis that confounds the majority’s interpretation. For example, in the opinion’s introductory paragraphs, Justice Riley makes clear that the issue to be discussed is whether there was probable cause to believe that the defendant was “guilty of conspiracy to possess with an intent to deliver more than 650 grams of cocaine . . . .’’Id. at 337. Throughout the opinion, the Court considers whether the evidence supported probable cause to believe that the amount of the controlled substance reached the statutory *346 minimum for the conspiracy charge. See, for example, id. at 342, 351, n 28, 352, and 353.
Because the jury was not properly instructed regarding the elements of the crime of conspiracy, I cannot find this error harmless. Therefore, I would reverse defendant’s conviction of conspiracy.

 I note that the charge here is conspiracy to deliver a controlled substance, rather than conspiracy to possess with intent to deliver a controlled substance. The majority fails to make note of this difference and I discern no meaningful basis upon which to distinguish Justice on this ground for puiposes of this discussion.

 The majority cites People v Northrop, 213 Mich App 494, 498; 541 NW2d 275 (1995), but Northrop relies on the reasoning of Cortez.