Per Curiam.
 

 The prosecutor appeals by leave granted from an order granting defendant’s request for an instruction that required the prosecution to prove, beyond a reasonable doubt, the defendant’s knowledge of the quantity of the controlled substance she was charged with possessing with intent to deliver. We reverse.
 

 Defendant was charged with various drug-and firearm-related offenses. Following the completion of proofs and closing arguments, defendant requested an instruction with respect to the charge of possession with intent to deliver 50 grams or more, but less than 225 grams, of a mixture containing cocaine. MCL 333.7401(2)(a)(iii). Specifically, defendant argued that the prosecutor had to prove defendant’s knowledge of the amount of the mixture as an element of the offense pursuant to
 
 People v Mass,
 
 464 Mich 615; 628 NW2d 540 (2001), and the instructions to the jury should reflect this requirement. In response, the prosecutor argued that the
 
 Mass
 
 Court held that the knowledge of amount requirement applied only to conspiracy charges. The trial court granted defendant’s request for the instruction regarding knowledge of quantity on the basis of its interpretation of
 
 Mass.
 
 We granted the prosecutor’s application for leave to appeal and stayed the trial pending resolution of this appeal.
 

 The prosecutor alleges that the trial court erred in granting defendant’s instruction request. We agree. The court must instruct the jury to allow the jury to
 
 *448
 
 correctly and intelligently decide the case.
 
 People v Crawford,
 
 232 Mich App 608, 619; 591 NW2d 669 (1998). The instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories that are supported by the evidence.
 
 Id.
 
 We review claims of instructional error and questions of statutory interpretation de novo.
 
 People v Bartlett,
 
 231 Mich App 139, 143; 585 NW2d 341 (1998).
 

 Defendant’s argument was raised as early as 1984 and rejected by this Court. In
 
 People v Cortez,
 
 131 Mich App 316, 321-322; 346 NW2d 540 (1984), the three defendants, tried in two separate trials, were convicted of possession with intent to deliver 650 or more grams of a mixture containing cocaine. On appeal, the defendants alleged that there was insufficient evidence to support the convictions because evidence of knowledge of the weight of the mixture had not been presented. This Court rejected that argument and held that there was no authority to indicate that knowledge of the weight of the . mixture was an essential element of the offense.
 
 Id.
 
 at 331. Furthermore, in
 
 People v Hamp,
 
 170 Mich App 24, 34; 428 NW2d 16 (1988), vacated in part on other grounds 437 Mich 865 (1990), the defendant argued that knowledge of the quantity of the controlled substance possessed was an element of the crime of possession with intent to deliver. This Court rejected the defendant’s challenge:
 

 Defendant was convicted of possession of cocaine with intent to deliver 225 grains or more but less than 650 grams. The crime of possession of cocaine with intent to deliver in any mixture of 225 grams or more but less than 650 grams requires the showing of four elements: (1) the substance
 
 *449
 
 was cocaine; (2) the drug was in a mixture which weighed more than 225 grams but less than 650 grams; (3) defendant was not authorized by law to possess the substance; and (4) defendant knowingly possessed the cocaine with the intent to deliver.
 
 People v Acosta,
 
 153 Mich App 504, 511-512; 396 NW2d 463 (1986), lv den 428 Mich 965 (1987); CJI 12:2:00. Contrary to defendant’s assertion, knowledge of the quantity of the controlled substance is not an essential element of this offense. At this time, this Court refuses to require that that element be shown. [170 Mich App 34-35.]
 

 Lastly, in
 
 People v
 
 Northrop, 213 Mich App 494, 495; 541 NW2d 275 (1995), the defendant was convicted of possession of 50 to 225 grams of cocaine, MCL 333.7403(2)(a)(iii). The defendant acknowledged that the prosecution was not required to prove knowledge by the defendant of the quantity of the drag involved, but challenged the constitutionality of the drag statutes when penalties were imposed on the basis of quantity.
 
 Northrop, supra
 
 at 498. This Court rejected the constitutional challenge and adhered to the principle that knowledge was not an essential element for purposes of delivery, possession with intent to deliver, or possession of a controlled substance.
 
 [1]
 

 Id.
 
 This Court noted that the harsh mandatory minimum sentences were designed to remove drag dealers from society for long and definite periods.
 
 Id.
 

 In
 
 Mass, supra,
 
 the defendant was convicted, as an aider and abettor, of delivery of 225 grams or more, but less than 650 grams, of a mixture containing cocaine, MCL 333.7401(2)(a)(ii), and conspiracy to commit that offense, MCL 750.157a. The defendant
 
 *450
 
 challenged his delivery conviction by alleging that knowledge of the amount of a controlled substance was an element of the delivery charge. The Supreme Court rejected the defendant’s challenge, stating:
 

 Having determined that quantity is an element of the delivery offense, we turn to the question whether knowledge of the amount is an element of a delivery offense.
 

 The Court of Appeals held that knowledge of the amount of cocaine involved is not an element of a charge of delivery of cocaine, citing
 
 People v Cortez,
 
 131 Mich App 316, 331; 346 NW2d 540 (1984), and
 
 People v Northrop,
 
 213 Mich App 494, 498; 541 NW2d 275 (1995). It is also the case that this Court stated as follows in
 
 People v Quinn,
 
 440 Mich 178, 189; 487 NW2d 194 (1992):
 

 “[A] defendant need not know the quantity of narcotics to be found guilty of possession of a controlled substance under MCL 333.7401; MSA 14.15(7401).”
 

 We hold, consistent with the text of the statute, the Court of Appeals holdings, and our prior statement in
 
 Quinn,
 
 that knowledge of the amount of a controlled substance is not an element of a delivery charge. This holding is, of course, consistent with the fact that delivery of a controlled substance is a general intent crime.
 
 People v Maleski,
 
 220 Mich App 518, 522; 560 NW2d 71 (1996).
 
 [Mass, supra
 
 at 626-627.]
 

 While the
 
 Mass
 
 Court addressed the charge of delivery of a controlled substance, it cited with approval the
 
 Cortez
 
 decision that expressly held that knowledge of quantity was not an element of possession with intent to deliver.
 
 [2]
 
 Accordingly, this Court’s hold
 
 *451
 
 ings that knowledge of quantity is not an element of possession with intent to deliver remain good law. Accordingly, the trial court erred in granting defendant’s request for a knowledge of quantity instruction.
 

 Reversed.
 

 [1]
 

 Although we note that because the charge in
 
 Northrop
 
 was merely possession, it could be argued that the statement regarding possession with intent to deliver is dicta.
 
 *451
 
 proof of agreement requirement and avoids a challenge to the unanimity of a jury verdict.
 

 [2]
 

 Defendant alleges that knowledge of quantity is required because of the distinction between specific and general intent crimes. However, the statement and citation of
 
 Maleski, supra,
 
 is dicta. We note that the
 
 Mass
 
 Court held that knowledge of quantity was an element for purposes of the conspiracy statute. However, the conspiracy statute requires proof of an agreement and there are four separate delivery offenses, contingent upon the amount of contraband involved.
 
 Mass, supra
 
 at 629-634. The requirement of proof of the knowledge of the amount is consistent with the