# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MAURICE MICHAEL PAYNE,

Defendant-Appellant.

UNPUBLISHED
December 12, 2017

No. 334121
Wayne Circuit Court
LC No. 15-010094-01-FH

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction for possession with intent to deliver 50 grams or more, but less than 450 grams, of cocaine. MCL 333.7401(2)(a)(*iii*). Defendant was sentenced to 5½ to 20 years' imprisonment. We affirm.

In October 2015, officers obtained a search warrant for 7597 Kirkridge based on a controlled buy between defendant and a confidential informant. While executing the warrant, officers found a clear plastic bag containing a large amount of powdered cocaine in an upstairs bedroom. One officer testified that, based on the amount of cocaine, he believed that it was for sale rather than personal use. In the same room that the cocaine was found in, officers also found medical paperwork and prescription bottles with defendant's name on them, as well as mail addressed to defendant. Some of the mail addressed to defendant had the 7597 Kirkridge address.

While the search warrant was being executed at 7597 Kirkridge, other officers stopped defendant in his vehicle. One officer searched defendant's person and found marijuana and crack cocaine. The officer testified that, based on the amount of cocaine, he believed that it was for sale rather than personal use. A subsequent search of the vehicle revealed a digital scale and packaging material.

Defendant was interviewed by Officer David Archambeau at the police station. Defendant told Officer Archambeau that he began selling cocaine because "times were tough," and he admitted that the cocaine found in the bedroom at 7597 Kirkridge belonged to him and was for sale. At trial, the parties stipulated that the cocaine discovered on defendant's person weighed 33.57 grams and the cocaine discovered in the upstairs bedroom at 7597 Kirkridge weighed 44.1 grams. As previously indicated, defendant was eventually convicted of one count of possession with intent to deliver 50 grams or more, but less than 450 grams, of cocaine.

-1-

On appeal, defendant first argues that the trial court should have suppressed evidence obtained from the search warrant because the search warrant lacked probable cause. We disagree. "Questions of law relevant to a motion to suppress evidence are reviewed de novo." *People v Booker*, 314 Mich App 416, 419; 886 NW2d 759 (2016). "We review for clear error findings of fact necessary to the court's decision." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011). A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made. *Id*.

"A magistrate shall only issue a search warrant when he or she finds that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *People v Franklin*, 500 Mich 92, ___; 894 NW2d 561, 567 (2017) (citation omitted). A magistrate's finding of probable cause and decision to issue a search warrant are reviewed to ensure that the magistrate possessed a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Id*. "A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference and only disturbed in limited circumstances." *Id*.

"Probable cause must exist at the time a warrant is issued." *People v Stumpf*, 196 Mich App 218, 227; 492 NW2d 795 (1992). Probable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct could be found in a stated place to be searched. *People v Nunez*, 242 Mich App 610, 612; 619 NW2d 550 (2000). Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity. *People v Nguyen*, 305 Mich App 740, 752; 854 NW2d 223 (2014). "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). "The affiant may not draw his or her own inferences, but must state the matters that justify the drawing of inferences." *Id*. That said, "the affiant's experience is relevant to the establishment of probable cause." *Id*.

In this case, the affidavit provided probable cause to support the issuance of the search warrant. In the affidavit, the affiant, Officer Archambeau, listed his experience and training in narcotics enforcement. The affidavit indicated that approximately 48 hours before the execution of the search warrant, a confidential informant participated in a controlled purchase of cocaine from defendant. According to the affidavit, the confidential informant was searched before the controlled buy and did not have any drugs or money on his person or in his vehicle. The confidential informant was given marked funds by Officer Archambeau, and other officers watched as defendant left 7597 Kirkridge and met briefly with the informant. The affidavit stated that defendant returned to 7597 Kirkridge, and the confidential informant met with Officer Archambeau, turned over cocaine, and stated that he purchased the cocaine from defendant using the marked funds. The substance received by the confidential informant was field-tested and the results were positive for cocaine. The affidavit also included information that the confidential informant had assisted the Westland Police Department seven times in the past, and that his assistance had led to the arrest of individuals who sold narcotics, as well as the recovery of narcotics, firearms, and proceeds from narcotic sales. The affidavit further provided that officers had watched 7597 Kirkridge for the past week, and their surveillance established that defendant routinely slept there. According to the affidavit, 7597 Kirkridge was not registered to defendant, but the affiant believed, based on social media searches, that defendant had a relationship with

one of the two persons registered at the address. Based on the information in the affidavit, and in light of the great deference given to the magistrate's decision, we conclude that there was sufficient probable cause to issue the warrant in this case.

Defendant argues that there was not probable cause to issue the warrant because no drug transaction took place inside 7597 Kirkridge. Defendant's argument ignores the fact that "[p]robable cause requires only a *probability or substantial chance* of criminal activity, not an actual showing of criminal activity." *Nguyen*, 305 Mich App at 752 (emphasis added). Officers searched the confidential informant before he participated in the controlled buy, and the informant did not have any drugs or money on his person or in his vehicle. Defendant was seen leaving 7597 Kirkridge, engaging in a brief encounter with the informant at a prearranged meeting spot near 7597 Kirkridge, then reentering the house. After this encounter, the informant no longer had the marked funds and, instead, was in possession of a substance that tested positive for cocaine. From these facts, one can infer that there was a probability or substantial chance that defendant stored cocaine in 7597 Kirkridge. Therefore, the trial court did not err in denying defendant's motion to quash and suppress the evidence.

Next, defendant argues that it was improper to aggregate the separate amounts of cocaine in order to charge him with the greater charge of possession with intent to deliver 50 grams or more, but less than 450 grams, of cocaine, rather than two lesser charges of possession with intent to deliver less than 50 grams of cocaine. We disagree.

We interpret defendant's argument as a challenge to the sufficiency of the evidence. This Court reviews de novo a defendant's challenge to sufficiency of the evidence. *People v Herndon*, 246 Mich App 371, 415; 633 NW2d 376 (2001).

MCL 333.7401 provides in relevant part as follows:

(1) Except as authorized by this article, a person shall not . . . possess with intent to . . . deliver a controlled substance . . . .

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(*iv*) and:

\* \* \*

(*iii*) Which is in an amount of 50 grams or more, but less than 450 grams, of any mixture containing that substance is guilty of a felony. . . .

(*iv*) Which is an amount less than 50 grams, of any mixture containing that substance is guilty of a felony. . . .

Cocaine is a schedule 2 controlled substance. MCL 333.7214(a)(*iv*). The elements of possession with intent to deliver 50 grams or more, but less than 450 grams, of cocaine are (1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was cocaine and defendant

-3-

was aware that it was, and (4) the cocaine was 50 grams or more but less than 450 grams. MCL 333.7401(2)(a)(*iii*); *People v Crawford*, 458 Mich 376, 389; 582 NW2d 785 (1998). Defendant only argues that the evidence was insufficient to support that defendant possessed the requisite amount of cocaine. Although the amount of the controlled substance is an element of a possession with intent to deliver offense, the defendant's knowledge of the amount is not an element. *People v Marion*, 250 Mich App 446, 450-451; 647 NW2d 521 (2002).

In *People v Cortez*, 131 Mich App 316, 322; 346 NW2d 540 (1984), remanded on other grounds 423 Mich 855 (1985), the defendant was convicted of possession with intent to deliver more than 650 grams of cocaine. On appeal, the defendant argued that there was insufficient evidence to support his conviction because "his trial showed two distinct quantities of cocaine, each weighing less than 650 grams." *Id*. at 331. In that case, the defendant was found hiding in a closet with 550 grams on his person, and in the room outside the closet was a similar amount of cocaine on a table. *Id*. at 331-332. This Court noted that, were it to accept the defendant's argument that this evidence was insufficient to support his conviction, then "drug dealers could protect themselves against exposure to serious criminal charges by simply dividing their drugs into a large number of small packages." *Id*. at 332. To avoid this "absurd result," this Court in *Cortez* rejected the defendant's argument and held that the evidence was sufficient to support the defendant's conviction. *Id*. We agree with this part of *Cortez*'s holding. Accordingly, we hold that the evidence in this case was sufficient to support defendant's conviction, even though the cocaine was not all found at the same location.

Defendant argues that it was improper to aggregate the cocaine in this case because he possessed the cocaine "at different times and places," so his possession constituted "two separate and distinct counts." However, defendant ignores the fact that "[p]ossession may be either actual or constructive." *People v Wolfe*, 440 Mich 508, 520; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Obviously, defendant had actual possession of the cocaine found on his person. Constructive possession is shown if the defendant had the right to exercise control of the cocaine and knew that it was present. *Id*. Evidence was presented that defendant stayed in the bedroom at 7597 Kirkridge where the cocaine was found, and defendant admitted that the cocaine found in the bedroom was his. Accordingly, there was sufficient evidence to establish that defendant had either actual or constructive possession of 50 or more grams, but less than 450 grams, of cocaine.[1]

---

[1] In *People v Collins*, 298 Mich App 458, 468; 828 NW2d 392 (2012), this Court held that there was insufficient evidence to convict the defendant of delivering 50 grams or more, but less than 450 grams, of heroin because the defendant's separate deliveries of heroin could not be aggregated to form the basis of the single charge. However, this case deals with possession with intent to deliver rather than delivery. See *People v Steele*, 429 Mich 13, 25-26; 412 NW2d 206 (1987) ("*[T]ransfer* is the element which distinguishes delivery from possession."). Therefore, we find that the reasoning and holding from *Collins* does not apply to this case, and rather this Court's holding from *Cortez* controls.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien