*622 Judge Hoekstra
dissented with respect to the conspiracy conviction because he believed Justice required the prosecution to prove defendant had the specific intent to deliver the statutory amount of at least 225 grams. He opined that conspiracy was a different offense than delivery and that, while knowledge of the quantity of drugs involved is not an element of a possession charge, it is an element of a conspiracy charge. Judge Hoekstra concluded that defendant was entitled to a new trial regarding his conspiracy conviction because the jury instructions regarding this offense neglected to include one of its elements.
m. STANDARDS OF REVIEW
Whether knowledge of the amount of a controlled substance is a necessary element of a crime is a legal question and we review legal questions de novo. People v Morey, 461 Mich 325, 329-330; 603 NW2d 250 (1999).
The test for determining whether evidence was sufficient to establish an element of a crime is found in People v Hampton, 407 Mich 354, 365-368; 285 NW2d 284 (1979). The test requires us to view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found the element of the crime was proven beyond a reasonable doubt. Id.[9]
We review forfeited error, such as the failure to instruct a jury regarding one element of an offense, to determine whether “the error seriously affected the *623 fairness, integrity, or public reputation of judicial proceedings.” People v Carines, 460 Mich 750, 774; 597 NW2d 130 (1999). We reverse if it did.
IV. THIS COURT’S OPINION IN PEOPLE v JUSTICE[10]
In Justice the defendant had been charged with conspiring with another to possess with the intent to deliver more than 650 grams of cocaine and was also charged with conspiring with yet another person to possess with the intent to deliver more than 225 grams, but less than 650 grams, of cocaine. The prosecution had presented evidence at the preliminary examination of several deliveries of cocaine that were aggregated to reach the charged amounts.
In the course of determining that the prosecution had presented sufficient evidence to justify binding over the defendant for trial, this Court stated: (1) there had to be probable cause to believe that the defendant and the coconspirator shared the specific intent to accomplish the substantive offenses charged and (2) that the evidence showed that the defendant and the coconspirator had a specific intent to deliver the statutory amount as charged. Justice, supra at 337.
The Court stated its holding as follows:
To be convicted of conspiracy to possess with intent to deliver a controlled substance, the people must prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and (3) the defendant and his coconspira- *624 tors possessed the specific intent to combine to deliver the statutory minimum as charged, to a third person. [Id. at 349 (emphasis added).][11]
V. WHETHER KNOWLEDGE OF THE AMOUNT OF A CONTROLLED SUBSTANCE IS A NECESSARY ELEMENT OF A DELIVERY CHARGE?
MCL 333.7401(1) provides:
Except as authorized by this article, a person shall not manufacture, create, deliver[12], or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, an official prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.
Subsection (2) establishes four ranges: (1) if less than fifty grams are involved, a defendant faces a sentence of not less than one year nor more than twenty years or lifetime probation; (2) if fifty grams or more, but less than 225 grams, are involved, a defendant faces not less than ten years nor more than twenty years; (3) if 225 grams or more, but less than 650 *625 grains, are involved, a defendant faces not less than twenty years nor more than thirty years; and (4) if 650 grams or more are involved, a defendant faces life or any term of years not less than twenty years.[13] Hence, subsection (2) increases the applicable prison term as the amount of the controlled substance increases.
A plain reading of MCL 333.7401 makes the amount of a controlled substance an element of a delivery offense. The amount is an element because the level of crime is dependent upon application of subsection (2). Indeed, not until subsection (2) does the statute specifically refer to crimes, “felonies” in this case, that depend on the weight of the controlled substance involved. Moreover, the MCL 333.7401(2) phrase “[a] person who violates this section ...” suggests the determination whether a crime has been committed involves application of both subsections (1) and (2).[14]
It is even more evident that subsection (2) of MCL 333.7401 entails the elements of separate offenses because subsection (2) covers various drug types as well as prescription forms. For example, within subsection (2)(a), the elements of the offense are described as they relate to schedule 1 or 2 drugs, while subsection (2)(b) describes a separate offense as it relates to schedule 3 drugs, and subsection (2)(c) describes the offense as it relates to schedule 4 *626 drugs. All these textual clues support the conclusion that the amount and nature of controlled substances are elements of a delivery offense under MCL 333.7401.[15]
Having determined that quantity is an element of the delivery offense, we turn to the question whether knowledge of the amount is an element of a delivery offense.
The Court of Appeals held that knowledge of the amount of cocaine involved is not an element of a charge of delivery of cocaine, citing People v Cortez, 131 Mich App 316, 331; 346 NW2d 540 (1984),[16] and People v Northrup, 213 Mich App 494, 498; 541 NW2d 275 (1995).[17] It is also the case that this Court stated as follows in People v Quinn, 440 Mich 178, 189; 487 NW2d 194 (1992):
[A] defendant need not know the quantity of narcotics to be found guilty of possession of a controlled substance under MCL 333.7401; MSA 14.15(7401).
*627 We hold, consistent with the text of the statute, the Court of Appeals holdings, and our prior statement in Quinn, that knowledge of the amount of a controlled substance is not an element of a delivery charge.[18] This holding is, of course, consistent with the fact that delivery of a controlled substance is a general intent crime. People v Maleski, 220 Mich App 518, 522; 560 NW2d 71 (1996).
VI. SUFFICIENCY OF THE EVIDENCE REGARDING THE DELIVERY CONVICTION
Defendant cites the following language from People v Turner, 213 Mich App 558, 568; 540 NW2d 728 (1995):
To support a finding that a defendant aided and abetted a crime, the prosecutor must show that ... (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.
Defendant argues from this language that the evidence may show he intended a cocaine delivery, but that the evidence was insufficient to show he intended the crime of delivery of at least 225 grams of cocaine or had knowledge Blackstone intended to deliver at least 225 grams of cocaine at the time he aided the delivery.
The aiding and abetting statute, MCL 767.39 provides:
*628 Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.
The “requisite intent” for conviction of a crime as an aider and abettor “is that necessary to be convicted of the crime as a principal.” People v Kelly, 423 Mich 261, 278; 378 NW2d 365 (1985). Accordingly, it was enough for the prosecution to show that Mass, as with the principal offender Blackstone, knowingly delivered or aided in the delivery of some amount of cocaine, as long as the jury later determined that at least 225 grams of cocaine were in fact delivered. The prosecution simply did not need to show that defendant knew that the amount of cocaine involved in the instant delivery was at least 225 grams to secure Blackstone’s delivery conviction or Mass’ conviction for aiding and abetting in the delivery of at least 225, but less than 650, grams of cocaine. Conviction of a crime as an aider and abettor does not require a higher level of intent with regard to the commission of the crime than that required for conviction as a principal. Id. To the extent that the cited language from Turner may suggest otherwise, it is disapproved.
Because the evidence showed defendant knew he was aiding and abetting Blackstone in a delivery of cocaine and the amount of cocaine delivered exceeded 225 grams, the evidence was sufficient to convict defendant of delivery of 225 grams or more, but less than 650 grams, of cocaine.
*629 W. WHETHER KNOWLEDGE OF THE AMOUNT OF THE CONTROLLED SUBSTANCE WAS A NECESSARY ELEMENT OF THE CONSPIRACY TO DELIVERY CHARGE?
MCL 750.157a provides:
Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein ....
Conspiracy is a specific-intent crime, because it requires both the intent to combine with others and the intent to accomplish the illegal objective. People v Carter, 415 Mich 558, 567-568; 330 NW2d 314 (1982).[19]
As previously indicated, one of the charges defendant faced was conspiring with Blackstone to deliver 225 grams or more, but less than 650 grams, of cocaine.
In Justice this Court held that to be convicted of conspiracy to possess with intent to deliver a controlled substance, the prosecution had to prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and (3) *630 the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person. Id. at 349.
This Court specifically held that a defendant could not be guilty of conspiring to possess with the intent to deliver more than 650 grams of cocaine unless the prosecution was able to prove beyond a reasonable doubt, not just that the defendant had conspired to possess with an intent to deliver some amount of cocaine, but rather, had conspired to possess with an intent to deliver the statutory minimum of 650 grams.
The Court of Appeals majority stated:
A reasonable interpretation of the phrase, “the specific intent to deliver the statutory minimum as charged,” is that the defendant must possess the specific intent to deliver the controlled substance, and that the quantity of the substance must then meet the statutory minimum. To interpret this phrase to require proof that the defendant knew the exact quantity of the controlled substance would lead to unreasonable results. For example, a defendant could be found guilty of a delivery offense without knowing how much cocaine was involved^ while avoiding all criminal liability for conspiracy merely because, although he knew that he was agreeing to deliver cocaine, he did not know how much cocaine was to be delivered. Or, a defendant could avoid conspiracy liability because, although he knew the rough extent of the amount of cocaine involved in a drug transaction, he did not know the exact measurement with scientific precision, i.e., whether 224 or 226 grams of cocaine were involved. [Id. at 337.]
We are unable to agree with the Court of Appeals interpretation of this Court’s holding in Justice. This Court’s holding unambiguously calls for the prosecution to prove (in a conspiracy to possess with *631 intent to deliver charge), not just that the defendant conspired to possess with intent to deliver some or any amount of cocaine, but “the statutory minimum as charged.”
We also disagree with the Court of Appeals that
a defendant could be found guilty of a delivery offense without knowing how much cocaine was involved, while avoiding all criminal liability for conspiracy merely because, although he knew that he was agreeing to deliver cocaine, he did not know how much cocaine was to be delivered. Id. at 337.
This analysis is in error because it fails to recognize that if one conspires to deliver an unspecified amount of cocaine one would, at a minimum, be guilty of conspiring to deliver less than fifty grams of cocaine. Thus, a defendant would not, as stated by the Court of Appeals, “avoid all criminal liability”; rather, he would be convicted of a felony and could face a twenty-year term of incarceration.
We further disagree with the Court of Appeals that
a defendant could avoid conspiracy liability because, although he knew the rough extent of the amount of cocaine involved in a drug transaction, he did not know the exact measurement with scientific precision, i.e., whether 224 or 226 grams of cocaine were involved. Id.
Once again, this analysis is flawed. If the prosecution proved to a jury that a defendant had conspired to deliver a significant amount of cocaine, but the jury was not sure if the defendant knew 224 grams or 226 grams were involved, the jury would properly convict such a defendant of conspiracy to deliver more than 50 grams but less than 225 grams of cocaine. Such a defendant would not avoid conspir *632 acy liability. Rather, such a defendant would be properly convicted of a felony and would face at least a presumptive ten- to twenty-year term of incarceration.[20]
Further, the Court of Appeals analysis improperly suggests that a conspiracy conviction must be tied to the amount of cocaine that was eventually delivered. This will not always be the case. The gist of a conspiracy is the unlawful agreement. People v Asta, 337 Mich 590, 611; 60 NW2d 472 (1953). Indeed, the purpose of the conspiracy need not be accomplished. Id. In People v Denio, 454 Mich 691, 712; 564 NW2d 13 (1997), this Court noted that it has “repeatedly held” that conspiracy is separate and distinct from the substantive crime that is its object. The Court of Appeals erroneous assumption that the amount of cocaine actually delivered is the amount a defendant conspired to deliver could, in some instances, improperly work to a drug dealer’s benefit. For example, if wiretap evidence showed a drug dealer asked someone to help him deliver 700 grams of cocaine and the person agreed (and both parties actually intend to deliver 700 grams), such a person would be guilty of conspiring to deliver more than 650 grams of cocaine, even if no sale took place or if the amount of cocaine that was actually delivered turned out to be less than 650 grams.
The prosecution argues that Justice should not be applicable. here because (1) the crime charged in *633 Justice was the specific intent crime of possession with intent to deliver,[21] whereas the crime herein was the general intent crime of delivery, and (2) Justice involved multiple small transactions that were aggregated, whereas the case at bar involved only one transaction.[22] It has also been suggested that Justice was wrongly decided and that we should hold that knowledge of the amount of a controlled substance is not an element of a conspiracy offense.[23] We find unpersuasive these criticisms of and efforts to distinguish Justice. We are satisfied that Justice properly concluded that knowledge of the amount of a controlled substance is an element of the crime of conspiracy to deliver a controlled substance, and that this holding is consistent with a correct interpretation *634 of our controlled substance and conspiracy statutes.[24] This is because our conspiracy statute, MCL 750.157a, makes it a crime to conspire with another to commit “an offense.” And, as previously explained, there are four separate delivery offenses depending on the amount of contraband involved. The fact that Justice required the prosecution to establish the statutory charged amount is fully consistent with requiring the prosecution to prove which delivery offense a defendant conspired to violate and with the fact that conspiracy is a specific intent crime.[25] Moreover, as explained below, we find Apprendi provides independent support for this conclusion.
To make our position clear, if a conspiracy to deliver and a delivery charge are coupled (and the proofs for the delivery demonstrate the weight of the substance delivered) such proofs may suffice to demonstrate defendant’s knowledge of the amount for the conspiracy charge. This is because a prosecutor is free to argue, and the jury would be free to find, if it was persuaded, given all the circumstances, that defendant had knowingly conspired to deliver the same amount that was actually delivered.
*635 Vm. APPRENDI v NEW JERSEY
Mr. Apprendi was convicted in state court of possession of a firearm for an unlawful purpose, an offense punishable by imprisonment from five to ten years. However, at sentencing the trial judge found, by a preponderance of the evidence, that Apprendi had committed the crime with a purpose to intimidate individuals because of their race. This finding served to increase the sentence under New Jersey’s “hate crime” law to imprisonment from ten to twenty years. The United States Supreme Court held as a matter of federal constitutional law that
[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [Apprendi, supra at 490.][26]
The Court explained that it does not matter that a particular fact is designated as a “sentencing factor.” Rather,
the relevant inquiry is one not of form, but of effect — does the required finding expose the defendant to a greater punishment than that authorized by the jury’s guilty verdict? [Id. at 494.]
Before Apprendi, federal courts generally held that the quantity of drugs was not an element of the federal drug offenses. The prevailing approach appeared to be that the trial court determined by a preponder- *636 anee of the evidence the “reasonably foreseeable” quantities of contraband that were within the scope of the criminal activity that the defendant jointly undertook. United States v Pagan, 196 F3d 884, 891 (CA 7, 1999). Quantity was a matter for the trial court at sentencing. United States v Doggett, 230 F3d 160, 162 (CA 5, 2000).
However, the Federal Courts of Appeals have recently, and repeatedly, held that, under Apprendi, drug quantity is an element of a controlled substances offense, and that the element must be submitted to the jury and proved beyond a reasonable doubt if the quantity “increases the penalty for a crime beyond the prescribed statutory maximum.” Doggett, supra. Accord, United States v Fields, 242 F3d 393 (CA DC, 2001)[27] (drug quantity is an element of the offense where a factual determination of the amount of drugs at issue may result in a sentence that exceeds a maximum sentence prescribed in the applicable statute); United States v Aguayo-Delgado, 220 F3d 926 (CA 8, 2000).
As stated in Doggett, supra at 163:
Notwithstanding prior precedent of this circuit and the Supreme Court that Congress did not intend drug quantity to be an element of the crime under 21 USC 841 and 846, we are constrained by Apprendi to find in the opposite.
In United States v Page, 232 F3d 536 (CA 6, 2000), the defendant was charged in federal court with conspiracy to distribute cocaine. There was no mention of the quantity in the indictment, and the jury made no findings regarding quantity. On the basis of a trial *637 court determination at sentencing that more than 1.5 kilograms were attributable to the defendant, the court imposed a thirty-year sentence. This was ten more years than the prescribed statutory maximum. The court stated:
As instructed in Apprendi, a defendant may not be exposed to a greater punishment than that authorized by the jury’s guilty verdict. The jury merely found that defendants conspired to distribute and possess to distribute some undetermined amount of crack cocaine. As such, defendants cannot be exposed to the higher penalties under § 841(b)(1)(A) or (B). Rather, the maximum sentence that may be imposed on this count is 20 years pursuant to § 841(b)(1)(C). [Id. at 543.]
Even though the issue had been forfeited, the court granted the defendant relief because the error resulted in imposition of a sentence ten years longer than the sentence could have been without the error. The court said this affected Page’s substantial rights and the fairness of the proceeding was undermined since the error affected the outcome by substantially increasing the sentence.[28]
EX. THE DELIVERY INSTRUCTIONS
As to his delivery conviction, defendant claims the United States Supreme Court’s recent opinion in *638 Apprendi, supra, requires that the jury had to determine whether he knew Blackstone intended to deliver at least 225 grams of cocaine before he could properly be convicted of delivery of 225 grams or more of cocaine. We disagree.
The trial court instructed the jury on the delivery offense as follows:
The defendant is charged with the crime of Illegally Delivering More Than 225 grams But Less Than 650 grams of a Mixture Containing a Controlled Substance, Cocaine. To prove this charge the prosecutor must prove each of the following elements, beyond a reasonable doubt. First, that the defendant delivered a controlled substance. Second, that the substance delivered was cocaine. Third, that the defendant knew he was delivering cocaine. Fourth, that the substance was in a mixture that weighed 225 or more grams, but less than 650 grams. [Emphasis added.]
This instruction complied with our determination that the amount of a controlled substance is an element of a controlled substance offense. Further, this instruction did not violate Apprendi because the jury was instructed that it could not find defendant guilty of the delivery charge unless the prosecution proved beyond a reasonable doubt that the substance delivered weighed 225 grams or more. The jury necessarily found that at least 225 grams of cocaine were delivered when it convicted defendant of the delivery charge. Hence, defendant’s delivery conviction was proper.
X. THE CONSPIRACY INSTRUCTIONS
However, we find that a different conclusion is required regarding the conspiracy instructions. Because of Justice and Apprendi, the jury should *639 have been instructed that it could not find defendant guilty of conspiracy to deliver 225 grams or more, but less than 650 grams, of cocaine unless it found defendant conspired to deliver, not just any amount of cocaine, but at least 225 grams.
After initially telling the jury it “must take the law as I give it to you,” the trial judge gave the following instruction regarding the conspiracy offense:
The defendant is charged with the crime of Conspiracy to Commit the Delivery of Cocaine. Anyone who knowingly agrees with someone else to commit the Delivery of Cocaine is guilty of Conspiracy. To prove the defendant’s guilt the prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the defendant and someone else knowingly agreed to commit Delivery of Cocaine. . . .
Notably absent from the conspiracy instruction was the fact that the jury had to find that defendant had conspired, not just to deliver some amount of cocaine, but at least 225 grams. This was a violation of Justice. This was also an Apprendi error because one can only be certain that the jury concluded that the conspiracy involved less than 50 grams. While the amount eventually delivered may, in a given case, be circumstantial evidence of the nature of the agreement, it is always necessary for the jury to be charged that it must decide the nature of the agreement. The statutory maximum penalty for conspiring to deliver less than fifty grams of cocaine subjects a defendant to a maximum sentence of twenty years, MCL 333.7401(2)(a)(iv). Yet, conviction of conspiring to deliver at least 225 grams of cocaine exposed defendant to a greater punishment of thirty years imprisonment. MCL 333.7401(2)(a)(ii). Thus, the failure to *640 have the jury determine that the conspiracy involved at least 225 grams of cocaine exposed defendant to a thirty-year sentence, which is in excess of the prescribed maximum twenty-year sentence applicable for a conspiracy to deliver less than 50 grams of cocaine.
XI. FORFEITED ERROR
The defendant did not object to the erroneous conspiracy jury instruction. Because of this, the error was forfeited. The standard that must be met to support reversal of a conviction for nonstructural constitutional error is the same standard as for forfeited nonconstitutional error, that is, the reviewing court “should reverse only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant’s innocence.” Carines, supra at 774; People v Duncan, 462 Mich 47, 57; 610 NW2d 551 (2000).[29]
Here, the trial court omitted an element from its conspiracy instruction, i.e., the requirement that the prosecution show that defendant specifically agreed to deliver at least 225 or more grams of cocaine. We conclude that this error seriously affected the fair *641 ness, integrity, or public reputation of defendant’s trial.
Although defendant never argued that he may have conspired to deliver less than 225 grams of cocaine, a properly instructed jury may have so concluded. Given the judge’s instructions, it is clear that the jury effectively, and only, determined defendant had conspired to deliver less than 50 grams of cocaine. We find it would seriously affect the fairness and integrity of defendant’s trial to allow a conviction of a more serious offense than the one determined by the jury to stand. Accordingly, we reverse defendant’s conspiracy to deliver 225 grams or more, but less than 650 grams, of cocaine and remand for entry of a conviction consistent with the jury verdict, i.e., conspiracy to deliver less than 50 grams of cocaine conviction.[30]
XH. RESPONSE TO THE CONCURRENCE
It is important to point out, before responding to the differences, where we agree with the concurrence. We both agree that a delivery of a controlled substance does not require, for a conviction, knowledge of the amount delivered. We also agree that the conspiracy jury instructions were flawed, requiring defendant be granted a new trial on the conspiracy charge. Our principle difference with the concurrence however, is whether a charge of conspiracy to deliver cocaine in a given amount, standing alone, can be *642 proven without some evidence that the agreement was for the delivery of that amount of cocaine.
To articulate this in the theoretical terms of the criminal law, the concurrence would effectively convert the specific intent crime of conspiracy into a general intent crime. Consider the following: if there were a conspiracy to deliver cocaine, with no evidence suggesting the amount of cocaine, under the concurrence view the prosecution could charge the conspirators with conspiracy to deliver more than 650 grams of cocaine if it later develops that this amount was in fact delivered. Such view is in our opinion inconsistent with the plain language of our conspiracy statute, which makes conspiracy a specific intent crime.[31] Indeed, it is just this point — that conspiracy is a specific intent crime that animated the Justice decision. Moreover, this conclusion is reinforced by the United States Supreme Court’s decision in Apprendi.
The concurrence accuses the Justice majority, and now us, of “imposing” or “adding” a knowledge requirement into conspiracy charges. We disagree. The concurrence fails to give full consideration to the fact that MCL 750.157a requires that a conspirator must agree to commit “an offense.”[32] This means we *643 must determine what is “an offense.” If the underlying offense is a mere act (like forgery), rather than being one that is graduated to be more severe as the act is more antisocial (such as delivery of controlled substances), then to determine if one of the more severe offenses has been proved, the element making it more severe must be shown. Thus, if the conspiracy is to deliver cocaine, unless the prosecution wants to settle for the lowest charge of conspiracy to deliver less than fifty grams, the prosecution must show the conspiracy involved either 50 to 224 grams or 225 to 649 grams or more than 650 grams. Because in Michigan a conspiracy to deliver cocaine charge can be established by a mere agreement[33] to deliver cocaine that encompasses all the elements of the crime conspired to be committed, there need not be an act in furtherance of the conspiracy for a defendant to be guilty of conspiring to deliver some amount of cocaine. Thus, in a mere agreement without an overt act conspiracy scenario, unless the prosecutor can show that this “thought, or plan, crime” included a knowledge of the amount conspired about, only a conviction of less than fifty grams can be obtained. Said another way, if the amount agreed to is not an element of a conspir *644 acy to deliver at least fifty grains of cocaine, how will that element be established and who will make that necessary fact finding? The answer to that question in the federal system is that historically the judge made that determination at sentencing. That ended with Apprendi, however. After Apprendi the fact of the amount has to be decided by the jury. As we are today determining to continue the approach that Justice outlined, we are acting in harmony with Apprendi.
What this all means is that while both the majority and the concurrence agree with respect to a delivery charge that the amount delivered may establish, without more, the element of the amount, this approach will not always work in conspiracy cases. The reason is that it is not necessary for a delivery to take place in order for a conspiracy to deliver charge to be brought,[34] and, even when a delivery follows after a conspiracy to deliver is formed, the conspiracy may have been for more or less than the amount that is actually delivered.[35] It is just this problem with which the concurrence fails to grapple.
The concurrence contends that our reaffirmation of Justice will have “serious[] detrimental consequences for Michigan’s criminal justice jurisprudence,” post at 646-647, and that “it is likely that in some unknown, but probably quite significant, number of drug prosecutions the prosecutor will be unable to maintain a conviction that is above the statutory maximum for *645 the lowest level delivery offense.” Post at 667-668. We cannot agree.
First, regardless of the effect, we must comply, as we have attempted to do, with our conspiracy and delivery statutes (not to mention Apprendi, which is a constitutionally based ruling). Moreover, regarding the prediction that there will be unfortunate implications from continuing the rule of Justice, we are unaware of any drop off in drug conspiracy prosecutions as a result of Justice. It should also be noted that our reaffirmation of Justice does not impose any restraint on a prosecutor’s ability to obtain conspiracy to deliver less than 50 gram convictions which carry a maximum twenty-year prison term that must be served consecutive to any delivery conviction that may be obtained. MCL 333.7401(3). This is clearly a significant disincentive to engage in such conduct and a major tool in the law enforcement arsenal.[36]
xm. CONCLUSION
A defendant may be properly convicted of delivery of 225 grams or more, but less than 650 grams, of cocaine on an aiding and abetting theory, even if he does not know the amount of drugs to be delivered, as long as the jury finds that at least 225 grams of cocaine were delivered.
Pursuant to Justice and Apprendi, a defendant charged with conspiracy to deliver 225 grams or *646 more, but less than 650 grams, of cocaine is entitled to have the jury instructed that the defendant is guilty only if the prosecution has proved beyond a reasonable doubt that defendant conspired to deliver, not just some amount of cocaine, but at least 225 grams of cocaine.
Accordingly, as explained above, defendant’s delivery conviction is affirmed and the conspiracy to deliver at least 225 grams of cocaine is reversed. This matter is remanded to allow the trial court to enter a conspiracy to deliver less than 50 grams of cocaine conviction and sentencing on this count (subject to the condition noted in footnote 31), and also so the Court of Appeals ordered resentencing on the delivery conviction may occur. Affirmed in part and reversed in part.
Cavanagh, Kelly, and Young, JJ., concurred with Taylor, J.

 This test is more exacting than the former “any evidence” standard that Hampton disapproved. Id.

 The Court’s opinion in Justice was authored by Justice Riley and joined by Justices Weaver, Boyle, Brickley, and Chief Justice Mallett.

 Justice Cavanagh dissented. He indicated that he agreed with the majority that to bind defendant over for trial the prosecution had to show defendant and the coconspirator shared the specific intent to accomplish the substantive offenses, but he dissented because the majority did not require that both conspirators possess the specific intent to deliver the charged amounts from the time of the formation of the conspiratorial agreement. Id. at 363.

 The terms “deliver” and “delivery” mean “the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship.” MCL 333.7105(1).

 See, e.g., People v Daniel, 462 Mich 1; 609 NW2d 557 (2000); People v Fields, 448 Mich 58; 528 NW2d 176 (1995).

 Further support of the conclusion that quantity is an element of the delivery offense is the related possession statute, MCL 333.7403, which is similarly structured as MCL 333.7401. Subsection (2) of MCL 333.7403 differentiates between misdemeanors and felonies. Thus, under MCL 333.7403, one cannot determine the level of crime committed (felony or misdemeanor) unless one examines subsection (2).

 In contrast, under the federal counterpart, 21 USC 841, subsection (b) provides “any person who violates sw&section (a) of this section . . . .” (Emphasis added.) This phrase shows that the crime is articulated in subsection (a), while subsection (b) specifies how a person who violates subsection (a) is to be sentenced. Clearly, MCL 333.7401 is distinguishable from 21 USC 841 on this structural difference. Historically, federal courts have construed 21 USC 841 as providing that “the quantity of drugs involved ... is not a substantive element of the crime which must be charged and proved at trial.” United States v Dorlouis, 107 F3d 248, 252 (CA 4, 1997) (emphasis added). However, as explained in part vni of this opinion, Apprendi has changed this. The concurrence’s overreliance on federal case law fails to appreciate the fact that in Michigan, pursuant to our statute, the amount of a controlled substance is part of a delivery offense, whereas under the federal statute, apart from Apprendi, this is not the case. Hence, we disagree that the instant case is “indistinguishable” from those addressed by federal conspiracy law. Post at 650.

 Remanded on other grounds 423 Mich 855 (1985).

 Accord People v Hamp, 170 Mich App 24, 35; 428 NW2d 16 (1988), vacated in part 437 Mich 865 (1990).

 As explained later in this opinion, we are satisfied that Apprendi is inapplicable to this conclusion as long as the jury does in fact determine, as it did here, the amount of controlled substances that was actually delivered.

 While we do not dispute the concurrence’s point that the agreement necessary to form a conspiracy does not rise to the level of the “meeting of the minds” concept from contract law, the statute does require an agreement to commit a prohibited offense. If no such agreement is reached, the conspiracy statute has not been violated. Thus, although the government need not prove commission of the substantive offense or even that the conspirators knew all the details of the conspiracy, United States v Rosa, 17 F3d 1531, 1543 (CA 2, 1994), it must prove that “the intended future conduct they . . . agreed upon include[s] all the elements of the substantive crime.” United States v Rose, 590 F2d 232, 235 (CA 7, 1978). Here, the substantive crime involved at least 225 grams of cocaine. Thus, the prosecution was required to show the defendant agreed to deliver, not just any amount, but at least this amount.

 To reiterate, the prosecution is not required to show the defendant knew the precise or specific amount. However, if the prosecution charges a defendant with conspiracy to deliver a controlled substance above the lowest amount of less than 50 grams, it must submit evidence showing the defendant agreed to commit the more serious offense.

 While delivery of a controlled substance is a general intent crime, People v Maleski, supra, possession with intent to deliver is a specific intent crime. People v Crawford, 458 Mich 376, 417, n 19; 582 NW2d 785 (1998) (Boyle, J., dissenting).

 The prosecutor indicates that the overall objective of a conspiracy case which involves numerous deals is not as clear in cases involving one transaction, so the “additional element of intent in those cases is justified.”

 We agree that such a holding might be supported by United States v Feola, 420 US 671; 95 S Ct 1255; 43 L Ed 2d 541 (1975), where the United States Supreme Court held the crime of conspiracy to assault a federal officer did not require a criminal intent greater than that necessary to convict for the substantive offense of assaulting a federal officer. Feola is neither directly on point nor controlling. In contrast, People v Justice is on point and controlling, absent a decision to overrule the case. Indeed, in Feola a holding that knowledge was an element would have led to dismissal of the federal charges. We do not face such a situation in that the prosecution will always be able to argue for a conspiracy to deliver less than 50 grams of cocaine charge if there is no evidence regarding the amount of cocaine the conspirators agreed to deliver. It is also the case that Feola is not without its critics. See, e.g., United States v Cordoba-Hincapie, 825 F Supp 485, 510-511 (ED NY, 1993). In any event, notwithstanding Feola, we believe Justice and Apprendi preclude us from determining that knowledge of the amount is not an element of a conspiracy to deliver a controlled substance charge.

 The concurrence indicates that Justice correctly required the prosecution to show the defendant intended to engage in the prohibited conduct, post at 656, but then “inexplicably” concluded the defendant had to possess the specific intent to deliver the statutory minimum charged. Post at 656. We see nothing inexplicable in the conclusion. What the concurrence fails to recognize is that “the prohibited conduct” is not just agreeing to deliver some amount of cocaine, but agreeing to commit one of four delivery offenses and those offenses are in four ranges depending on the amount with which the prosecution charges the defendant.

 Thus, we reject the concurrence’s claim that we have somehow “add[ed] an element” to a statute. Post at 660. Rather, we believe it is the concurrence that would refuse to require the prosecution to prove an element required under our conspiracy and delivery statutes.

 The four dissenting justices characterized the Court’s opinion as “a watershed change in constitutional law.” Apprendi, supra at 524 (O’Connor, J., dissenting).

 Clarified on rehearing, 2001 WL 640631 (June 12, 2001).

 In United States v Flowal, 234 F3d 932, 938 (CA 6, 2000), another Sixth Circuit case addressing Apprendi, the court stated:
Because the amount of drugs at issue determined the appropriate statutory punishment, a jury should have determined the weight of drugs beyond a reasonable doubt. . . . Accordingly, the prosecution is only entitled to the punishment provisions of the crime whose elements it has proved to a jury beyond a reasonable doubt.

 In Neder v United States, 527 US 1; 119 S Ct 1827; 144 L Ed 2d 35 (1999), the Supreme Court observed that most constitutional errors are subject to harmless error analysis and applied the harmless error rule to a trial court’s failure to instruct on an element of an offense. Apprendi did not recognize or create a structural error that would require reversal per se. United States v Swatzie, 228 F3d 1278, 1283 (CA 11, 2000). A constitutional error is harmless if “[it is] clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.” Neder, supra at 18. See also Swatsie, at 1283 (“error in Neder is in material respects indistinguishable from error under Apprendi”).

 However, if the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, defendant may be required to face a new trial on the original conspiracy charge with proper jury instructions. People v Jenkins, 395 Mich 440, 443; 236 NW2d 503 (1975).

 In response to the concurrence’s claim that we are somehow requiring the law to engage in “mindreading,” post at 664, we simply note that we are only requiring the prosecution to prove the elements of a specific intent crime, and the law has always required some evidence from which the jury might determine the defendant’s mens rea in such cases.

 See, e.g., United States v Piper, 35 F3d 611, 615 (CA 1, 1994) (The government must prove that the defendant possessed both “an intent to agree and an intent to effectuate the commission of the substantive offense”) (emphasis added). “Establishing a conspiracy requires evidence of specific intent to combine with others to accomplish an illegal objective.” People v Blume, 443 Mich 476, 481; 505 NW2d 843 (1993). In the case *643 at bar, “the offense” was conspiracy to deliver at least 225 grains of cocaine, not conspiracy to deliver cocaine without reference to an amount. Defendant could not conspire to deliver at least 225 grams of cocaine unless he knew and intended the delivery to be at least 225 grams. A person cannot conspire with another to commit the offense of delivery of at least 225 grams of cocaine unless he knows what he has agreed to accomplish. Thus, we reject the claim that we have “added” an element because a knowledge of the amount element arises out of the language of the conspiracy statute itself.

 This is in contrast with general federal conspiracy statute, 18 USC 371, which does require an overt act in furtherance of the conspiracy. Blume, supra at 507 (Boyle, J., dissenting).

 Conspiracy is separate and distinct from the substantive crime that is its object. People v Denio, supra at 712.

 However, a prosecutor is free to argue that the evidence proves the conspiracy was for the amount that was actually delivered.

 The concurrence says it is for the Legislature and not this Court to determine what is a significant disincentive for particular conduct. Post at 668, n 11. Surely, the concurrence does not mean to suggest that it is improper for this Court to remark the obvious. In any event, we certainly believe our opinion today respects the Legislature’s determinations of the increased disincentives for larger scale drug trafficking.